HENRY P. DeGRAAF, Respondent, *v.* JACOB F. WYCKOFF, Appellant.

Plaintiff indorsed certain promissory notes for the accommodation of the maker, which were discounted by defendant, certain railroad bonds being pledged as collateral. Before the maturity of the notes, plaintiff consented that other first mortgage railroad bonds might be substituted for those pledged. The notes were transferred by defendant, and were taken up by him upon the promise of plaintiff to give his own notes therefor; he having failed so to do, defendant brought suit upon the promise. Plaintiff set up as a defense therein a misappropriation of the bonds pledged, based upon the fact that defendant accepted in lieu thereof second instead of first mortgage bonds as agreed. This defense was ruled out on the objection of defendant, and he recovered judgment. In this action, brought to recover damages for the misappropriation, *held*, that the former judgment was not a bar, as the cause of action here was unavailable as a defense in the former action, and was not pleaded or presented as a counter-claim.

(Argued October 18, 1889; decided December 10, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 11, 1886, which modified and affirmed, as modified, a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to recover damages for the alleged misappropriation of certain railroad bonds pledged to defend-

SICKELS — VOL. LXXIII.   1

ant as security for certain promissory notes indorsed by plaintiff.

Defendant discounted the said notes, which amounted to $20,000. They were made by one Scofield and indorsed by plaintiff for Scofield's accommodation. The notes were secured by $20,000 (par value) railroad bonds, first lien on the Utah and Pleasant Valley Railroad, pledged as collateral. Before these notes matured, to wit, December 30, 1879, at the request of Scofield, plaintiff consented, in writing, that defendant might surrender the bonds on receipt in their place of forty $500 first mortgage bonds of the Wasatch and Jordon Valley Railway Company. These notes were renewed and others given in their stead at the request of plaintiff. Defendant was induced to take up this second series of notes at the request and upon the promise of plaintiff that he would give his own notes to defendant at four months. Plaintiff did not do so and for such failure was sued by the defendant in the Court of Common Pleas of the city of New York and a recovery had for $22,100.26, which judgment was reversed by the General Term of the Common Pleas, but affirmed in the Court of Appeals. (98 N. Y. 134.)

The alleged misappropriation of the bonds, constituting this cause of action, was set up as a defense in said action but the defense was excluded upon objections by defendant.

After judgment was recovered, as aforesaid, this action for the misappropriation of the bonds was brought and plaintiff incidently asked special relief restraining the execution of the Wyckoff judgment on account of Wyckoff's insolvency and non-residence, etc. It appeared that the defendant surrendered the U. & P. V. bonds and accepted in lieu thereof W. & J. V. bonds, nominally first mortgage bonds, but which were not so in fact; that there was a series of first mortgage bonds issued by the W. & J. V. R. R. Co.; that a new company, with the same name, was subsequently formed by the consolidation of the original company with another railroad company; that the new company issued the bonds of which those so substituted were a part, secured by mortgage upon the consolidated road. Plain-

tiff recovered a judgment herein for damages for misappropriation, based upon the value of the U. & P. V. bonds on December 30, 1879, and by that valuation the judgment in defendant's action against the plaintiff was paid and all proceedings thereon to collect the same were stayed, etc. On appeal to the General Term that court reversed said judgment unless the plaintiff should consent to a modification and reduction thereof, to the value of the forty $500 first mortgage bonds of the W. & J. V. R. R. Co. on the 30th of December, 1879, with interest, the difference being $7,014.23.

The plaintiff gave the stipulation and the judgment was so modified.

Further facts appear in the opinion.

*Cephas Brainerd* for appellant. The claim of the plaintiff in this action was involved directly in the Common Pleas action and was disposed of by that judgment. (*Edwards* v. *Stewart*, 15 Barb. 67, 69; *Hopkins* v. *Lee*, 6 Wheat. 109; *Jordan* v. *Van Epps*, 85 N. Y. 427, 436; *Patrick* v. *Shaffer*, 94 id. 423, 430; *C. P. P. Co.* v. *Walker*, 114 id. 7.) The letter of DeGraaf is to be construed most strongly against him. (*Beiney* v. *Newcourt*, 9 Cush. 46, 56; *Grantz* v. *Columbia*, 18 Ct. of Claims Rep. 569, 577; *Noonan* v. *Bradley*, 9 Wall, 394, 407; *Wetmore* v. *Pattison*, 45 Mich. 439, 441; Phil. on Ev., chap. 8, § 13; Stephens on Evidence, 16, Rule 8; *S. L. Home* v. *Ass'n.*, 52 N. Y. 191; *Eighmie* v. *Taylor*, 89 id. 288.) There is no ground shown for the interposition of a court of equity, no proof of mistake. (High on Injunctions, §§ 113, 114, 115, 165; *Henderson* v. *Hinckley*, 17 How. Pr. 443, 445, 446.) On this appeal it is competent for this court to reverse the judgment and order a judgment in favor of the defendant. (*Guernsey* v. *Miller*, 80 N. Y. 181; *Fox* v. *Kidd*, 77 id. 489; *Thomas* v. *Ins. Co.*, 8 Civil Pro. R. 4.)

*Esek Cowen* for respondent. The judgment, in the case of *Wyckoff* v. *DeGraaf*, put in evidence by the defendant, was not a prior adjudication, as to any point involved in this case.

(*Bates* v. *Rosekrans*, 37 N. Y. 409; *Crane* v. *Hardman*, 4 E. D. Smith, 451.) Mr. De Graaf was not compelled to insist on proving the facts set up in his answer as a counter-claim. He had the right to bring a separate action. (*Brown* v. *Gallandet*, 80 N. Y. 413.) There was no error committed by the trial court, in the reception or exclusion of evidence, which could have affected the result. (*Atkinson* v. *R. P. Co.*, 43 Hun, 167; *Thayer* v. *Mauly*, 73 N. Y. 305; *Duel* v. *Getmann*, 6 N. Y. S. R. 397; *Yates* v. *Hoffman*, 5 Hun, 113; *Cooper* v. *Bigelow*, 1 Cow. 206; *Chamberlain* v. *Day*, 3 id. 353; *U. Ins. Co.* v. *Powers*, 3 Paige, 365; *Nicoll* v. *Nicoll*, 16 Wend. 446.)

Potter, J. The theory of this action is that defendant, who held security for the payment of obligations on which plaintiff was liable as surety, surrendered those securities and took less valuable securities instead, without the consent of the plaintiff, whereby plaintiff was compelled to pay said obligations without the benefit of the surrendered security to re-imburse himself for such payment and thus was damnified. These allegations are denied by the defendant who, moreover, sets up as a bar to this action, that in an action brought by him in the Court of Common Pleas in the city of New York, to recover of plaintiff upon such obligations, the plaintiff in this action interposed such surrender of security as a bar and that the plaintiff is therefore estopped in this action by the judgment in that action as such matter was or might have been determined therein. The findings of the trial court as to which bonds were to be substituted for the Utah and Pleasant Valley bonds and as to other essential allegations of the complaint are conclusive upon this court and must stand unless there was practically no evidence to support the finding or the court committed an error in receiving or rejecting evidence which bore upon that question.

The gist of this action is the unauthorized substitution of Wasatch and Jordon Valley bonds for Utah and Pleasant Valley bonds. The evidence of the receipt of the Utah and Pleasant Valley Railroad bonds by Wyckoff as security for the $20,000

loan to Scofield (represented by the notes) and the consent of
DeGraaf to the substitution of the first mortgage bonds of the
Wasatch and Jordon Valley Railroad was in writing and was
to my apprehension so free from any ambiguity of meaning
or liability to misapprehension in respect to the kind of bonds
to be substituted, as to exclude any parol or explanatory evi-
dence.   The consent was for *first* mortgage bonds, not in
*name* but in *fact.*   The bonds received by Wyckoff as sub-
stitute were in fact second lien bonds and so not covered by
DeGraaf's written consent.

There were other exceptions upon the part of defendant,
many of which are effectually answered in the opinion of
Justice Daniels at General Term, and therefore require no
further attention ; such as the evidence of the value of the
various issues of bonds of these railroads.

The refusal of the court to allow proof by Scofield whether
the surrendered bonds went into the sale made to the syndi-
cate or to the witness and whether the plaintiff received the
proceeds of these bonds after being sold to the syndicate or to
Scofield would be matters of inference by the witness and
if answered in the affirmative would be immaterial unless it
was shown that plaintiff parted with no other consideration to
get the proceeds of them.   To have made this evidence perti-
nent or proper, the defendant should have proved or have
offered to prove that the plaintiff got the proceeds in his original
right thereto and without parting with any new or other con-
sideration therefor.

The exceptions to the evidence in relation to Wyckoff's
insolvency was not upon the main issue in relation to plaintiff's
right to recover damages for the misappropriation of the bonds
but upon the collateral or incidental remedy employed to stay
the judgment obtained by Wyckoff; against the plaintiff
until the plaintiff should have opportunity and the right to
apply the damages he might recover in this action upon or
towards the payment or liquidation of that judgment.   It could
not affect the main issue between these parties and could have
worked no harm to the defendant in the substantial contention.

All the plaintiff needed to prove in this respect was that defendant was insolvent and that was sufficiently proven by the introduction of the judgment against Wyckoff and the return of an execution unsatisfied. It certainly cannot be necessary or wise to grant a new trial of the merits of this case for such reason.

The remaining matter for consideration relates to the defense set up by plaintiff to Wyckoff's action, that the latter had misappropriated the Utah and Pleasant Valley Railroad bonds and the disposition made of that defense.

The defendant sought to bar the plaintiff from a recovery in this action for the reason that the claim in this action was substantially the plaintiff's defense in that action, upon the well established principle that that matter was, or might have been, litigated in that action. The answer to that contention is that such matter was put forward as a defence and not as a counter-claim. As a defense to that action (which was for a breach of contract) this matter (which was for misappropriating of securities) would be totally unavailable, and when the plaintiff, Wyckoff, objected to it, it was ruled out as a defense and such ruling must have been approved by this court in affirming the judgment Wyckoff obtained upon that trial. The matter was not in fact and could not, as matter of law, have been presented as a counter-claim; for it was pleaded in form simply as a defense and was not even offered upon the trial as a counter-claim. (*Bates* v *Rosekrans*, 37 N. Y. 409.)

Hence the record in the Wyckoff action against the plaintiff, could not create an estoppel to that matter, forming the subject of this action.

We think there is no other course open to us leading to a different result.

The judgment should be affirmed with costs.

All concur except Follett, Ch. J., not voting, and Haight, J. not sitting.

Judgment affirmed.