THOMAS C. AVERY, Respondent, *v.* WILLIAM H. STAR-
BUCK, Appellant.

*Court of Appeals, June 23, 1891.*

1. *Evidence. Approval.*—Proof of the approval, by defendant's engineer, of
a bill for work done and materials furnished is competent, as showing,
not the correctness of the bill, but a compliance with the requirement
of defendant, where the latter required the plaintiff to obtain the sig-
nature of the engineer thereto, and also for identification.
2. *Appeal. Evidence.*—The erroneous admission of harmless evidence is no
ground for reversal.
3. *Same.*—The decision by a jury of an issue raised upon conflicting evi-
dence is conclusive.

Appeal from a judgment of the general term of the su-
perior court of the city of New York affirming a judgment
entered on a verdict.

*George H. Adams,* for appellant.

*Joseph F. Mosher,* for respondent.

HAIGHT, J.—This action was brought to recover for
material and for work, labor and services alleged to have
been furnished and performed by the plaintiff upon the steam
yatch " Tillie," the defendant being her owner.

It appeared that the material was furnished and that the
work, labor and services were performed by the plaintiff upon
the engine, boiler and machinery at the request of one Charles
B. Pugsley, who was the engineer of the defendant upon the
yacht.

There was a conflict in the evidence as to the authority of
Pugsley to order the repairs, but the issue raised upon this

conflict was submitted to the jury and determined by its verdict.

Upon the trial the plaintiff read in evidence the deposition of Mr. Pugsley, which had been taken upon a stipulation of the parties. After testifying to the completion of the work by the plaintiff he states that he received a bill made out by the plaintiff which he returned to him for correction and afterwards received a second bill from him which was correct and all right and that he approved it in writing upon the face of it. The bill being produced, he was asked if the words " Correct, Charles B. Pugsley," at the foot of the bill, were in his handwriting. This was objected to by the defendant so far as it is any proof of the correctness of the plaintiff's claim. The court ruled that it would not be, independently of his testimony, but that it was competent as taken in connection with it. To this ruling an exception was taken and the witness answered that it was in his handwriting. The witness also testified that the bill was a correct statement of the articles delivered and of the work expended thereon. It further appears from the testimony of the defendant that he received a bill from the plaintiff and that he sent it back with instructions to have the days and dates put upon it and, as he thought, the signature of the engineer thereto. In view of these facts the evidence objected to was competent. It showed a compliance with the requirements of the defendant, that the bill should be approved by the engineer, who was upon the yacht and had ordered the repairs.

The words " Correct, Charles B. Pugsley," written by the engineer at the foot of the bill, would not be evidence that the material or work therein charged for was furnished or performed by the plaintiff, but it enabled the witness to identify the bill which was handed to him shortly after the work was performed, which he then examined and found to contain a correct statement of the articles delivered and the work expended on the yacht.

The engineer was asked by the plaintiff as to whether the

Marvell & Co. contract included any work on the engines and machinery. This was objected to upon the ground, among other things, that the contract with Marvell & Co. was in writing. The objection was overruled and an exception was taken. The witness answered that it did not; that their contract only included putting a piece in the boat, lengthening it, taking the engines and boilers out and replacing them back. The boat was lengthened twenty-one feet. It appeared that the defendant had recently purchased the yacht and had sent it to Newburgh to be altered and repaired ; that he had entered into a contract with Marvell & Co., ship-builders at Newburgh, to cut the hull in two amidships and lengthen it by inserting about twenty feet. This work necessitated the removing and replacing of the boilers and engines, iron and wood-work. It was at about the time of this change in the yacht that the engineer ordered the repairs to the engine and boilers. The evidence objected to should have been excluded. The engineer could not properly be called upon to construe the defendant's contract with Marvell & Co. and determine whether or not the repairs ordered by him of the plaintiff were included in that contract and should have been made by that firm. But the contract is in evidence and before us. It is in the form of a letter written by Marvell & Co. to the defendant, in which they agree to furnish the material necessary to lengthen the yacht, including hauling, removing and replacing boilers and engines, iron and wood-work pertaining to the lengthening of the hull of the yacht for a sum which was therein named. Nothing herein appears requiring repairs to the engine, boilers and machinery. They are to be removed in order to lengthen the yacht and are to be replaced in the hull when lengthened, but no provisions are to be found for their repairs. It thus appears that the construction of the contract given by the engineer was correct, and that consequently no harm resulted to the defendant by reason of the evidence objected to.

Other exceptions appear in the case which we do not deem it necessary to here discuss.

The judgment should be affirmed, with costs.

All concur.