(35 Misc. Rep. 37.)

### WRIGHT et al. v. SCHNAIER.

(Supreme Court, Appellate Term. April 26, 1901.)

1. EVIDENCE—ERRONEOUS ADMISSION—HARMLESS ERROR.

That the court erroneously admitted parol evidence, which did not bear on the issue between the parties in an action on a written contract, and did not vary or contradict the terms of the contract, was harmless error, and no ground for reversal.

2. WITNESSES—COMPETENCY—PROOF.

In determining the competency of an expert witness the court is not confined to statements of the witness, but testimony of other witnesses touching his competency is competent.

3. SAME—BREACH OF CONTRACT—QUESTION FOR JURY.

Where, in an action for breach of a contract which was silent as to the time for performance, and which plaintiff claimed was to be begun on notice from defendant, which notice was never given, it appeared that defendant procured other persons to do the work, it was not error for the trial court to refuse to dismiss the complaint, though defendant testified that plaintiffs intimated their unwillingness to do the work, owing to a dispute growing out of another transaction, which he alleged was the reason for his abandoning the contract.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Annie B. Wright and others against Milton Schnaier. From a judgment of the New York City municipal court in favor of plaintiffs, defendant appeals. Affirmed.

Action to recover upon three causes of action,—one for a balance alleged to be due under a contract for work, labor, and services and materials furnished; the second and third for loss of profits which would have accrued from two several contracts but for the defendant's alleged prevention of performance. The defendant denied that there remained anything due under the first cause of action, and that he prevented performance of the contracts set forth in the second and third causes of action. The answer, furthermore, sought recovery upon three several counterclaims growing out of the plaintiffs' alleged breach of the contracts mentioned.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Milton Mayer, for appellant.
Hiram M. Kirk, for respondents.

BISCHOFF, P. J. · Under objection by the defendant's counsel the trial court admitted testimony which tended to show that the plaintiffs were induced to enter into a contract for the supply of certain marble work at the price therein named, by the defendant's representation that an offer to do the work for less than the amount of the plaintiffs' previous offer had been made to him. The contract was in writing, and, conceding the technical incompetency of the evidence, it does not appear that prejudice to the defendant resulted from its admission. It did not in any manner tend to vary or contradict the terms of the contract, or bear upon the issue. Harmless error affords no ground for reversal. De Graef v. Wyckoff, 118 N. Y. 1, 5, 22 N. E. 1118; Avery v. Starbuck, 3 Silvern. App. 507, and cases in note (s. c. 27 N. E. 1080). Under like objection testimony was elicited upon cross-examination of an expert called for the defendant which tended to establish the competency of a witness called as an expert in the plaintiffs' behalf. This was not error. In determining the question of the competency of a witness called to give expert testimony the court is not, as appellant's counsel insists, confined to the statements of such witness. The testimony of other witnesses touching his competency is admissible. Lawson, Exp. Test. 236; Rog. Exp. Test. § 17; Underh. Ev. p. 272, § 188, note 2. The contract for the supply of the marble work, the defendant's prevention of performance of which was in issue under the plaintiffs' third cause of action, was silent as to the time for its performance, and when the parties had concluded the introduction of evidence it appeared by the testimony of the plaintiffs' witness Robinson and the admission of the defendant that the performance was to be begun upon notice by the defendant. It furthermore appeared from Robinson's testimony that no such notice was given, and it was conceded that the defendant procured the work to be done by persons other than the plaintiffs. True, the defendant testified that the plaintiffs, by their representative, Robinson, had intimated their unwillingness to proceed with the work, owing to a dispute growing out of another transaction; but this state of the evidence, coupled with the fact that the defendant's testimony was that of an interested witness, presented a sufficient conflict to require submission to the jury of the question as to which of the parties was in fault for nonperformance. Hence there was no error in the trial court's refusal to dismiss the complaint as to the cause of action last referred to.

No other errors are claimed upon this appeal, and the judgment should therefore be affirmed, with costs.