BENJAMIN BERG, Respondent, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent, and EMPIRE CITY SUBWAY COMPANY (LIMITED), Appellant, Respondent.

Judgment affirmed, without costs. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Untermyer, JJ.; Finch, P. J., and Untermyer, J., dissent. Dissenting opinion by Finch, P. J.

FINCH, P. J. (dissenting). The dismissal of the complaint as against the defendant Interborough Rapid Transit Company, pursuant to a motion made at the close of the plaintiff's case, should be reversed and a new trial ordered. This record shows unmistakably that an issue of fact was presented as to the negligence of this defendant. The witness Prosser testified, practically without contradiction, that the work was done " under the direction of the Interborough engineers and myself." As the plaintiff has been allowed to recover against the Empire City Subway Company (Limited), it likewise had at least a *prima facie* case for submission to the jury against the codefendant Interborough Rapid Transit Company, who was the carrier. It follows that the judgment dismissing the complaint against the defendant Interborough Rapid Transit Company should be reversed and a new trial granted. Untermyer, J., concurs.

MARY MULHOLLAND GUNDER, Appellant, Respondent, *v.* 164 EAST SEVENTY-SECOND STREET CORPORATION, Respondent, Appellant, Impleaded with Another.

Cross-appeals from an order of the Supreme Court, entered in the New York county clerk's office on April 1, 1933.

Order affirmed, without costs. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Untermyer, JJ.; Finch, P. J., dissents as to the first defense to the first cause of action; O'Malley, J., dissents as to the fifth defense to the first cause of action. Dissenting opinion by Finch, P. J.

FINCH, P. J. (dissenting). I concur in the affirmance except as to the defense of *res adjudicata* to the first cause of action. As to this, the motion to dismiss should have been granted, the merits of this defense not having been passed upon in the summary proceeding because jurisdiction thereof was declined by the court. (*DeGraaf* v. *Wyckoff*, 118 N. Y. 1.) The case at bar is readily distinguishable from cases relied upon by the defendant, in which cases the matter sought to be availed of in equity had never been interposed in the prior action. In such a case the party is barred by the application of the principle that a judgment is *res adjudicata* of all relevant issues that could and should have been set up therein. In the case at bar, as noted, plaintiff set up the aforesaid matter as a defense to the prior action, and the court refused to pass upon it. Under these circumstances, to hold the prior action *res adjudicata* of the matters constituting said defense, would deprive the plaintiff of her day in court in respect thereto. It follows that plaintiff is entitled to maintain this action, and the order appealed from should be modified so as to grant the motion to dismiss the first defense to the first cause of action.