(116 App. Div. 816)

### GRAY v. BUTLER et ux.

(Supreme Court, Appellate Division, Second Department. January 18, 1907.)

HUSBAND AND WIFE—SEPARATION AGREEMENT—VALIDITY.

Under Domestic Relations Law, Laws 1896, p. 220, c. 272, § 21, providing that a husband and wife cannot contract to dissolve their marriage or relieve the husband from his liability to support his wife, an agreement, in the guise of a separation agreement, to secure to the wife a legal division of the husband's property, by which the wife agreed to accept certain payments, in satisfaction for support and maintenance, and to release him from all claims upon his personal property, was void where there was no separation and none was contemplated, when the contract was executed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 1046.]

Appeal from Special Term, Kings County.

Action by James M. Gray, as trustee, against Orlando W. Butler and Annie Butler. From a judgment for defendant Orlando W. Butler, plaintiff and defendant Annie Butler appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Herbert T. Ketcham (James M. Gray, on the brief), for appellants.

Carlton B. Pierce, for respondent.

RICH, J. This action was brought to enforce the provisions of a separation agreement executed at a time when defendants were living together as husband and wife; that relation continuing for more than six months thereafter. The agreement was kept a secret, and to all outward appearances there was no change in the relations of the parties, who continued to live together the same as they had done before. The learned justice presiding at the trial has found upon sufficient evidence that it was not the purpose of either spouse at the time of executing the agreement to live separate and apart. Under these circumstances such a contract cannot be enforced in equity. Westmeath v. Salisbury, 5 Bligh, 338; Zimmer v. Settle, 124 N. Y. 37, 26 N. E. 341, 21 Am. St. Rep. 638; Carson v. Murray, 3 Paige, 483–501; Hughes v. Cuming, 36 App. Div. 307, 55 N. Y. Supp. 256. It is urged, however, by the learned counsel for the plaintiff that, in view of another finding that "the sole purpose of the execution of the agreement was to secure to the wife a legal division of the property of the husband," the case of a valid and enforceable agreement between the parties is presented. We are unable to concur in this view. The domestic relations law (section 21, c. 272, p. 220, Laws 1896), provides:

"A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person including her husband, * * * but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife."

This is precisely what the parties to this agreement sought to do. In consideration of certain payments proposed to be made by the husband, his wife agreed to accept the same in full satisfaction for her support and maintenance, and to relieve him from any and all claims she may have upon his personal property, and the trustee on his part agreed to save the husband free from all debts due or payments incurred by the wife. Such an agreement under the guise of a separation agreement is in contravention of the statute and void. I am not unmindful of the recent decision of this court (Reardon v. Woerner, 111 App. Div. 259, 97 N. Y. Supp. 747) in which it was held that an action would lie to enforce the condition of a contract of separation, but that case is distinguishable from this, in that the husband and wife had actually separated and the contract was made to insure the support and protection of the wife, while in the case at bar there was no separation and none was contemplated when the contract was executed.

The judgment must be affirmed, with costs. All concur.