(80 Misc. Rep. 277.)

### STURM v. STURM.

(Supreme Court, Special Term, Erie County. March, 1913.)

1. LIMITATION OF ACTIONS (§ 39*)—ACTIONS NOT SPECIALLY PROVIDED FOR—DIVORCE.

　　Code Civ. Proc. § 388, providing that an action the limitation of which is not specifically prescribed in this or the last title must be commenced within ten years, applies to an action for divorce for cruelty.

　　[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 172, 190–211; Dec. Dig. § 39.*]

2. HUSBAND AND WIFE (§ 4*)—DUTY OF SUPPORT—CONDITIONS.

　　The husband's duty to properly maintain and support his wife is conditioned upon her being ready and willing to perform the duties she owes to her husband, to live with him and make a home for him.

　　[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 9, 10; Dec. Dig. § 4.*]

Separation action by Caroline Sturm against John P. Sturm. On plaintiff's motion for counsel fees and alimony. Motion denied.

Asher B. Emery, of Buffalo, for plaintiff.
George A. Davis, of Buffalo, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J. The complaint and affidavits on the part of the plaintiff, in substance, allege: That the parties were married on the 19th day of February, 1878. That about the year 1891, the defendant began a course of cruel and inhuman treatment of the plaintiff, which finally, in December, 1896, caused the plaintiff to separate from the defendant. That he then told her that he had no money to provide her a home, and she would have to provide for herself. That she then took her five children to her father's home, and since that time has cared for and supported them so far as necessary, receiving no assistance or aid from her husband. That she has expended in this way at least the sum of $3,000, but is now without means to further support herself or the youngest child, who is now of the age of 16 years. The complaint further alleges that the defendant has, within very recent years, inherited and become the owner of several thousand dollars of property.

The answer and affidavit on the part of the defendant, in substance, denies the allegations of cruelty, and alleges that the plaintiff abandoned the defendant without cause. · The answer further set up the statute of limitations against the right of the plaintiff to maintain this action.

If it is plain and clear that the plaintiff cannot succeed, then this court should deny the application for alimony and counsel fee.

It is to be noted in the outset that, so far as the papers disclose, there has been no offer on the part of the plaintiff to return and live with her husband. No negotiations looking toward the resumption of marital relations are claimed. The plaintiff stands solely on her allegations of conduct on the part of the defendant prior to the date of their separation in December, 1896.

For the purposes of this motion, we will assume that every fact stated in the complaint and affidavit is true. If true, she then had a complete cause of action for the relief now sought.

[1] The Code of Civil Procedure specifies the time within which certain actions shall be brought. By section 388 it provides:

"Actions not before provided for.—An action, the limitation of which is not specifically prescribed in this or the last title, must be commenced within ten years after the cause of action accrues."

It has been held that the foregoing section applies to equitable actions. In Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554, the court said:

"Under the law of this state there is a fixed limitation for every cause of action whether legal or equitable."

The rule has been applied specifically to actions brought for separation on the ground of cruel and inhuman treatment. In the case of Moulton v. Moulton, 2 Barb. ch. 310, the court said:

"Again, most of the acts of cruelty which are testified to by the wife as having occurred when no one was present except the husband and wife took place from 10 to 20 years since, and are therefore barred by the statute limiting the time for bringing suits in equity."

In the case of Burr v. Burr, 10 Paige, 20, the headnote is as follows:

"The time for bringing a suit for separation from bed and board on account of cruel treatment is not limited to five years, and the Court of Chancery may, in its discretion, allow such a suit to be brought at any time within ten years limited by the Revised Statutes for bringing suits in equity."

It is urged by the plaintiff's counsel that the duty of the husband to support and maintain the wife is a continuing obligation; that the agreement of separation stated in the defendant's answer, if true, is bad as against public policy, and the plaintiff still has the right to call on the defendant to provide for her proper and suitable maintenance and support.

The proposition, is perfectly true, but the difficulty here is that the acts and conduct alleged and relied on to maintain this action are all acts and conduct alleged to have taken place over 16 years ago, and nothing is set forth subsequent to those dates. Those acts, owing to the statute of limitations, are not now available to the plaintiff to maintain her cause of action.

Should the plaintiff offer to return to her husband, and he then should refuse to receive her and provide suitably for her, his previous conduct would doubtless be taken into consideration with such refusal in determining what decree the court should make in the premises, but that is not this case.

[2] It is perfectly true the defendant still owes the plaintiff the duty to properly maintain and support her, but that is always conditioned upon the wife being ready and willing on her part to perform the duties she owes to the husband to live with him and make his home her home. Having lost her right to maintain this action, owing to the statute of limitations, the plaintiff can reinstate herself to the right of maintenance and support only by offering to resume her wifely duties. If the defendant then refuses to receive or support her, then her rights become re-established, and she may maintain a proper action for a judicial separation.

We can reach no other conclusion than that the motion must be denied.

So ordered, without costs of this motion.