ANNIE REISCHFIELD, Plaintiff, *v.* HENRY REISCHFIELD, Defendant.

(Supreme Court, Bronx Special Term for Trials, July, 1917.)

Actions — for separation — contracts — evidence — husband and wife.

> In a wife's action for a separation, allegations of the complaint of cruel and inhuman treatment and that she had executed a separation agreement under duress without understanding it, *held* not to have been established by a preponderance of evidence.

> A separation agreement made while the parties are living together is void, yet where immediate separation is contemplated and in fact takes place such an agreement containing reasonable provision for the support of the wife is valid; otherwise void.

> Where a wife voluntarily leaves her husband, never offers to return to him and refuses so to do, he is under no legal obligation to support her.

ACTION for a separation.

Louis Lichtenberg, for plaintiff.

Charles Frankel, for defendant.

ORDWAY, J.   This is an action by the wife for a separation on the ground of cruel and inhuman treatment, abandonment, and neglect and refusal to provide for her support.   The defendant denies all of these allegations and sets up a voluntary separation agreement, executed by the parties, as an additional defense.

It appears that the parties lived unhappily and quarreled from time to time, and separated for temporary periods before their final separation in June, 1915.   At that time they were living together in New York city, and the wife agreed to sign a separation

36

Supreme Court, July, 1917. .    [Vol. 100.

agreement if the husband would repay a loan of $300 from her father, which she had procured for the husband, and would also pay her $85, the storage charges on some furniture belonging to her. The husband then procured a lawyer to draw the agreement, which was signed by both parties, and the husband paid the wife the $385, and they thereupon and on the same day separated, and the wife left the husband's house and has not lived or offered to live with him since. The separation agreement provided that the husband should not be required to pay anything in future for the wife's support, and he has not in fact paid her anything or supported her.

While the evidence as to cruelty is conflicting, in my opinion, after seeing and hearing the witnesses, the wife has not proved her allegations in that respect by a preponderance of evidence, and on that issue I find for the husband. The wife also claims she executed the separation agreement under duress and that she did not understand its provisions, but on this point also I do not think she has proved her contention.

The plaintiff further claims that the separation agreement was void and of no effect, since the parties were living together at the time it was executed. Of course, as a general rule, separation agreements made under such circumstances are void, but the weight of authority seems to support the proposition that where immediate separation is contemplated, and in fact occurs, a separation agreement containing reasonable provision for the support of the wife is valid and effectual. *Clark* v. *Fosdick,* 118 N. Y. 6, 13, 14; *Carson* v. *Murray,* 3 Paige, 483, 500; *Landes* v. *Landes,* 94 Misc. Rep. 486, 492. Where, however, a separation agreement does not provide for the support of the wife, it is contrary to the provisions of the

Domestic Relations Law (§ 51) and is void, as a married woman cannot contract to relieve her husband from his liability to support her. *Winter* v. *Winter,* 191 N. Y. 462, 473, 474; *Galusha* v. *Galusha,* 116 id. 635, 643; *Gray* v. *Butler,* 116 App. Div. 816.

In my opinion, therefore, this separation agreement was void and constitutes in itself no defense to this action. Can it be said, however, that under these circumstances the husband has abandoned the wife? I think not. Even if the separation agreement is void, the husband and wife separated voluntarily; as a matter of fact the wife left the husband's house and has never returned or offered to return.

In *Powers* v. *Powers,* 33 App. Div. 126, the court said: " Where the wife consents to the separation there is no abandonment. It is only where the husband deserts the wife without her consent and refuses to give her adequate and proper support, that an action for abandonment will lie. In the case at bar the parties have agreed to live apart, and consequently the separation is with the consent of the plaintiff and apparently is in accordance with her wishes. There can be no abandonment under such circumstances."

The only remaining question is whether the wife is entitled to a separation on the ground of the husband's neglect or refusal to provide for her support. The evidence shows that he has not in fact provided for her support in any way, and that she is without means to support herself; but there is no evidence that she has ever offered to return to and live with him; in fact, she stated in response to a question by the court that she was not willing to return to her husband and live with him, and would not do so. We have, therefore, the case of a wife who has voluntarily left her husband and who has never offered to return to him, and who refuses to do so, but nevertheless

insists that he must support her living apart from him. I do not think any such obligation rests upon the husband. As the court said in *Sturm* v. *Sturm,* 80 Misc. Rep. 277: " It is perfectly true the defendant still owes the plaintiff the duty to properly maintain and support her, but that is always conditioned upon the wife being ready and willing on her part to perform the duties she owes to. the husband to live with him, and make his home her home.  \*  \*  \*  If the defendant then refuses to receive or support her, then her rights become re-established, and she may maintain a proper action for a judicial separation." See also *Silberstein* v. *Silberstein,* 156 App. Div. 689; *People ex rel. Douglas* v. *Naehr,* 30 Hun, 461.

Judgment for defendant, with costs. I have passed upon the proposed findings, which should all be combined into one decision and submitted for signature, together with final judgment.

Judgment accordingly.