LILLY WINBURN and HAROLD NAGEL, Respondents, *v.* JESSE WINBURN, Appellant.

First Department, February 10, 1922.

**Husband and wife — separation — equity — failure of husband to perform separation agreement and threat to make enforcement of performance impossible — court cannot grant equitable relief by way of injunction, requiring deposit or bond and impressing lien on fund — such relief obtained only in divorce or separation action.**

Although a husband fails to perform a separation agreement and threatens to make enforcement of performance thereof impossible, a court of equity has no authority to grant relief to the wife by way of injunction, requiring a deposit or a bond and impressing a lien on funds in possession of the husband.

*It seems,* that relief of such a nature can be obtained only in an action for divorce or separation.

APPEAL by the defendant, Jesse Winburn, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1921, denying defendant's motion for judgment on the pleadings, consisting of a complaint and a demurrer, and also from an order entered in said clerk's office on or about the same day granting plaintiffs' motion for judgment on the pleadings.

*Max D. Steuer* [*Irving D. Lipkowitz* of counsel], for the appellant.

*Levy & Nemerov* [*Nathaniel Levy* of counsel], for the respondents.

SMITH, J.:

The complaint alleges that the plaintiff Lilly Winburn at all times thereinafter mentioned was and now is the lawful wedded wife of Jesse Winburn, the defendant; that on the 9th day of May, 1919, while said plaintiff and defendant were living apart an agreement was entered into which is annexed to the complaint. This agreement is made between the defendant and the plaintiff Lilly Winburn and her coplaintiff Nagel, as party of the third part, and is an ordinary separation agreement. The plaintiff Winburn released her dower in the defendant's property and the defendant agreed to pay to the plaintiff $9,600 per annum in equal monthly installments beginning on the 1st day of June, 1919; to deliver to the plaintiff Winburn certain personal property and by his last will and testament to give to the plaintiff the sum of $100,000 in the event the plaintiff should survive him, and further, that if the defendant Winburn should obtain a decree of absolute divorce, or if the plaintiff Winburn should remarry, the provision for maintenance of the party of the second part should cease and terminate. The plaintiff alleges that payments for her support

were duly paid down to and including the 31st of December, 1920, and that no payments have been made since that time, although duly demanded; that the defendant was at the time of the making of the said agreement the sole owner of the stock of the New York City Car Advertising Company of the estimated value of $500,000, and was the owner of stocks, bonds and other securities of the estimated value of $1,000,000. It is then alleged that since the execution of said agreement the defendant had stated that he regretted having made such agreement and that he would do everything in his power to alienate and dispose of and secrete all of his property and assets to cheat and defraud his wife and that he would not carry out and perform the terms of said agreement, and that the plaintiff Winburn would not be able to enforce the same and would not receive any further moneys from him for maintenance and support, and that he would likewise secrete and dispose of his business and all his property in such a way that the same could not be reached by the plaintiff, so as to make it utterly impossible for the plaintiff to collect and secure the said sum of $100,000 provided to be given by his will, and that he would effectually cheat and defraud his wife, the plaintiff Winburn, and deprive her of all maintenance and support and deprive her of all participation of any part of his property.

The complaint further alleges that the plaintiff has fully performed her covenants in the agreement and there is no adequate remedy at law, and the prayer for relief then is as follows:

" *First.* That the defendant be compelled to deposit with a Trust Company to be named by the court a sufficient sum of money or deliver to the plaintiffs a surety company bond which will guarantee the payment to one of the plaintiffs herein, his wife, of the sum of One hundred thousand ($100,000) dollars upon his death, and likewise the income of which will provide the sum of Ninety-six hundred ($9,600) dollars per year during his life time, for the sole maintenance and support of his wife, one of the plaintiffs herein.

" *Second.* That an injunction be decreed herein ordering, directing, restraining and enjoining the defendant and all other persons from selling, secreting or otherwise disposing of all of his assets and property, either directly or indirectly.

" *Third.* That the said decree shall likewise impress a lien upon the said fund for the benefit of his wife, one of the plaintiffs herein, to the said extent and for the said purpose, and for such other and further relief as may be just and proper in the premises, besides the costs of this action."

No authorities are cited and I am unable to find any in this

State or elsewhere justifying the granting of the relief prayed for in the complaint. By section 1772 of the Code of Civil Procedure, where a judgment has been entered in an action for divorce or separation the judgment may provide alimony for the support of the wife and require the defendant to give security for the payment thereof. (See Civil Practice Act, § 1171.) This right to compel security must be given as an incident to a judgment or order of the court providing for the payment of such alimony. There is no other provision of law for the requirement to give security for payment of moneys to become thereafter due upon any contract. It is contended that relationship of the parties as husband and wife gives to the wife an additional right under her contract than would have an ordinary contract creditor. This right of the wife to support from her husband is zealously guarded in law. Not so, however, the right to a possible legacy from the husband. But this additional right to security claimed by the wife is given in an action for divorce or separation wherein the right may be secured. In this complaint no facts are alleged which show a right in the wife to a judgment in such an action. The husband is required by law to support his wife at his home, or elsewhere only if he has given her cause to leave him. No such cause is here shown. The contract made is no evidence thereof. It may have been made to satisfy her wish or whim without the existence of any cause on his part which would support an action for separation or divorce. It would be going a good ways to hold that such an agreement not shown to have been induced by the wrong of the husband would give to the wife all the rights which are given to her after a judgment has been pronounced that she was entitled to live separate from her husband and still claim his support. If she could obtain these additional rights she must obtain them in an action for divorce or separation in which action she may be given such security for her support as the law adjudges to be her right.

The order should, therefore, be reversed, without costs, and the motion should be granted.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Order reversed, without costs, plaintiffs' motion denied and defendant's motion granted.