FANNIE MIRIZIO, by MARY C. MUCCI, Her Guardian ad Litem, Appellant, *v.* COSMO MIRIZIO, Respondent.

First Department, April 3, 1925.

**Husband and wife — separation — action for separation on ground of abandonment and non-support — parties married by civil ceremony and agreed to live apart until religious ceremony was had — plaintiff refused to live with defendant until performance of religious ceremony — allegations of abandonment not sustained where plaintiff consented to separation — defendant not required to support plaintiff where parties never lived together and plaintiff still refuses to live with defendant.**

Plaintiff is not entitled to judgment in an action for separation, based on an allegation of abandonment and the refusal of the defendant to provide for her, where it appears that the parties were married by a civil ceremony, having previously agreed to live apart until the celebration of a religious ceremony; and that the evidence discloses that the plaintiff refused to live with the defendant or to have marital relations with him unless he consented to the performance of the religious ceremony, since, by reason of the refusal of the plaintiff to live with defendant, it cannot be said that he has abandoned her, particularly in

view of the fact that they had agreed to live apart until the religious ceremony. Nor is the defendant required to support the plaintiff where the parties never have lived together and plaintiff still refuses to live with defendant unless he consents to the performance of the religious ceremony.

MERRELL, J., dissents, with opinion.

APPEAL by the plaintiff, Fannie Mirizio, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 11th day of April, 1924, upon the decision of the court rendered after a trial at the Bronx Special Term, with notice of intention to bring up for review an order entered in said clerk's office on the 28th day of November, 1923, denying plaintiff's motion for alimony and counsel fees.

This action is for separation based on allegations of abandonment of the plaintiff by the defendant and the refusal of the defendant to provide for her. .

*Charles T. Rudershausen* [*John McCormick* of counsel], for the appellant.

*John J. Ryan* [*Matilda Spitzer* of counsel], for the respondent.

MARTIN, J.:

On September 3, 1921, the plaintiff and defendant were married at the Borough Hall, The Bronx, by the deputy city clerk. Thereafter defendant brought an action against plaintiff to annul the marriage. The court held the marriage valid and dismissed the complaint. No appeal was taken from that judgment. The marriage was not only held valid by the court, but its validity is recognized by the plaintiff in this action for a separation.

The question is whether a wife, who refuses to live with her husband until he participates with her in a marriage ceremony by a clergyman of a religious denomination, may obtain a judgment of separation, with an allowance of alimony, on the ground of abandonment and of neglect or refusal to support her.

The plaintiff asserts that prior to the ceremony at the Borough Hall it was agreed they were to live separate and apart from each other until the celebration of a religious ceremony, and they were not to have any marital relations prior to the religious ceremony, which was to take place on or before Christmas following. A religious ceremony has not been performed.

On January 3, 1922, plaintiff requested defendant to consent to the performance of the religious ceremony and to take up housekeeping in rooms which plaintiff had found at defendant's request, but the defendant refused. Plaintiff says defendant told her he did not care for her any more; that he did not want to live with her; and that he had no money to get married. She testified that

she was unwilling to live with defendant or to have marital relations with him unless he should consent to the performance of a religious ceremony. She contends, however, that she is entitled to a judicial separation upon two grounds: (1) That she has been abandoned by her husband, and (2) that he has failed to provide for her support and maintenance.

The complaint in part is as follows:

" That on or about the 3rd day of January, 1922, the defendant Cosmo Mirizio abandoned plaintiff Fannie Mirizio, and has refused to support and maintain said plaintiff Fannie Mirizio.

" That since the 10th day of July, 1923, the defendant Cosmo Mirizio has not contributed anything to the support of the plaintiff Fannie Mirizio."

The defendant's answer alleges that the plaintiff has at all times declined and refused to live with him and to perform her duties as a wife; that the defendant is now and was at all times in good physical condition, able, ready and willing to provide a home for plaintiff, which she without any justifiable reason declined to accept.

The evidence offered at the trial does not sustain the allegation of abandonment. Defendant has not abandoned plaintiff. She has refused to live with him. In *Powers* v. *Powers* (33 App. Div. 126, 127) it was said: " It is difficult to see how this action can be maintained under these circumstances. Where the wife consents to the separation there is no abandonment. It is only where the husband deserts the wife without her consent and refuses to give her adequate and proper support, that an action for abandonment will lie. In the case at bar the parties have agreed to live apart, and consequently the separation is with the consent of the plaintiff and apparently is in accordance with her wishes. There can be no abandonment under such circumstances."

In *Rebstock* v. *Rebstock* (144 N. Y. Supp. 289, 296) we find the following: "Abandonment, as used in the statute now under consideration, contemplates a voluntary separation of one party from the other, without justification, with the intention of not returning." (See, also, *Winburn* v. *Winburn*, 200 App. Div. 26; *People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 629.)

Under the circumstances of this case, must the defendant support his wife, although she has refused and still refuses to live with him unless he complies with the condition she has imposed?

In *Reischfield* v. *Reischfield* (100 Misc. 561, 563) the court said: " The only remaining question is whether the wife is entitled to a separation on the ground of the husband's neglect or refusal to provide for her support. The evidence shows that he has not in

fact provided for her support in any way, and that she is without means to support herself; but there is no evidence that she has ever offered to return to and live with him; in fact, she stated in response to a question by the court that she was not willing to return to her husband and live with him, and would not do so. We have, therefore, the case of a wife who has voluntarily left her husband and who has never offered to return to him, and who refuses to do so, but nevertheless insists that he must support her living apart from him. I do not think any such obligation rests upon the husband. As the court said in *Sturm* v. *Sturm*, 80 Misc. Rep. 277: ' It is perfectly true the defendant still owes the plaintiff the duty to properly maintain and support her, but that is always conditioned upon the wife being ready and willing on her part to perform the duties she owes to the husband to live with him, and make his home her home. * * *. If the defendant then refuses to receive or support her, then her rights become re-established, and she may maintain a proper action for a judicial separation.' See, also, *Silberstein* v. *Silberstein*, 156 App. Div. 689; *People ex rel. Douglass* v. *Naehr*, 30 Hun, 461.''

We think the plaintiff failed to establish a cause of action for separation on the ground of abandonment or non-support. The parties never lived together, and the plaintiff still refuses to live with the defendant.

The judgment and order should be affirmed, and the complaint dismissed.

CLARKE, P. J., FINCH and McAVOY, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

I think plaintiff should have been a granted a decree of separation, with an allowance for alimony and counsel fee. The parties were civilly married in September, 1921. Prior thereto they had mutually agreed upon the performance, the following Christmas, of a religious marriage ceremony in the Catholic church, of which both were members, and it was agreed that they would not live or cohabit together as husband and wife until the performance of such ceremonial marriage. The plaintiff sought to carry out such agreement and requested the defendant to consent to the performance of the religious ceremony. This the defendant refused to do, and told the plaintiff that he did not care for her any more and did not want to live with her. Defendant brought action to annul the civil marriage, but was denied the relief sought and his complaint was dismissed. Defendant has never asked plaintiff to live or cohabit with him as his wife, nor has he provided a home for

her. The defendant should not be permitted to escape the responsibilities resulting from the civil marriage by his refusal to keep his promise to have a religious ceremony performed. His default should not afford him an excuse for avoiding his legal duty to support his wife. He has never contributed to her support since their marriage. I think he has abandoned her within the contemplation of subdivision 3 of section 1161 of the Civil Practice Act.

In any view of the case, plaintiff was entitled to a decree of separation for non-support under subdivision 4 of section 1161 of said Act, which provides that an action for separation is maintainable where the wife is plaintiff, for "*the neglect or refusal of the defendant to provide for her.*" For the failure of the defendant to provide for his wife the trial court should have decreed a separation of the parties, with suitable provision for the plaintiff's support. It was not necessary to support such decree that there was a technical "abandonment" of plaintiff by defendant.

The judgment and order appealed from should be reversed, with costs to the appellant, and a separation of the parties decreed, with provision for the support and maintenance of the plaintiff, with costs against the defendant.

Judgment and order affirmed.