FANNIE MIRIZIO, Respondent, *v.* COSMO MIRIZIO, Appellant.

First Department, December 30, 1927.

**Husband and wife — separation — prior separation action by wife resulted in judgment for defendant — wife subsequently offered to return to defendant but he refused offer — wife cannot have judgment for separation — former judgment is res judicata.**

The plaintiff in a former action for separation was unsuccessful on the ground that the wife could not justifiably abandon her husband because he refused to take part in a religious marriage ceremony following a civil ceremony.   After that judgment plaintiff wrote to the defendant offering to return to and live with him, but he refused to accept her offer and this action was instituted by her.

The prior judgment is *res judicata* in the present case and establishes the right of the defendant to live and remain apart from his wife, and the plaintiff could not, through the medium of offering to return to the defendant and his refusal to accept her, establish abandonment.

MERRELL, J., dissents.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on or about the 16th day of December, 1926.

*John J. Ryan* of counsel [*Matilda Spitzer* with him on the brief; *Ryan & Spitzer*, attorneys], for the appellant.

*Harry Loeb Mostow* of counsel [*Samuel G. Litwin*, attorney], for the respondent.

First Department, December, 1927.            [Vol. 222

McAvoy, J.   In a former action for separation by the plaintiff here we held (212 App. Div. 524), and such ruling was affirmed in the Court of Appeals (242 N. Y. 74), that the wife could not justifiably abandon her husband on the theory that he had rejected the effort made by her to induce him to have performed a religious ceremony of marriage after they had been united in a civil ceremony, which she refused then to recognize.   She now brings another action for separation alleging abandonment and failure to support, based upon letters which she has since written to the husband after the Court of Appeals decision, offering to return and live with him providing he makes provision for a home for her, and upon his refusal to do so in letters in which he says that, having had five and a half years of litigation with refusal to make a home for him, he has now lost all desire to live with her as his wife.   On this state of facts the Special Term has given a judgment of separation on the theory that the wife was following her previous litigation for principle, and that, having been defeated in the courts, she is now willing to abide by the final result, and that the husband should comport with her desire to live with her or at least make a reasonable attempt. The judgment awards the wife fifteen dollars a week alimony, and doubtless this is the main grievance of the husband, since specific performance of the marriage contract is not enjoined.

The defendant asserts that the former judgment of separation is *res adjudicata,* that it finally establishes the right of the defendant to live and remain apart from his wife and that no conditions thereafter arising can bring about any change in the status of the parties.   While this defense of *res adjudicata* is not tenable in all instances of a judgment of justifiable abandonment of the marriage relation, yet here it is good enough to defeat a remedy by the wife whereby her refusal to abide by her civil contract and her resistance of it for five years would be overcome by the writing of a letter offering to do that which she has refrained from doing during all this period and so refraining according to the court's decision without legal reason.   We do not see that this cause differs at all from that of any wife's who abandons her husband for any other legal reason and who is judicially declared to be separated from him on such grounds as may be legally alleged.   When a judicial decree of separation is made, a wife may not upset it by writing a letter declaring that she has determined to forsake her former determination of abandonment since the court has decided against her and is thereafter willing to resume the marital relations. Such holding, approving such conduct on the part of a wife or husband, would set at variance any decree based upon a legal abandonment, which the court must necessarily find is intended

to be persisted in before it could award final judgment of separate maintenance.

I think, therefore, the judgment should be reversed, and the complaint dismissed.

DOWLING, P. J., FINCH and PROSKAUER, JJ., concur; MERRELL, J., dissents.

Judgment reversed and complaint dismissed. Settle order on notice.