FRANCES D. LEARY, Plaintiff, *v.* JAMES J. LEARY, Defendant.

Supreme Court, Kings County, June 29, 1928.

*Kelly & Blinn* [*Oscar Blinn* of counsel], for the plaintiff.

*Bernard Schwartz*, for the defendant.

Dike, J. This is a motion for an order dismissing plaintiff's complaint pursuant to rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

There are two causes of action and in the first it is set forth that plaintiff and defendant are husband and wife and then it appears later that a separation agreement was entered into. As stated in paragraph " 5 " the said agreement was entered into, with the intention that the parties thereto " *should immediately thereafter* separate, and in contemplation of such immediate separation." From the complaint it might be inferred that at the moment when the agreement was entered into the parties were living together and it might be equally as clearly inferred that immediately after the execution of the document they were to separate and so far as appears from the pleading, there has been no change from the condition of separation. It is urged that the husband has failed to make the payments from a certain fund of $27,440.01, from which the wife is to receive fifty per cent.

It is urged as a defense that the parties were living together at the time of the execution of the agreement and it is, therefore, void and contrary to public policy. The discussion here is interesting to determine whether in fact there was a separation of the parties such as to uphold the integrity of this contract. So far as may be learned from the pleadings we have an admission in the answer " that the plaintiff and the defendant separated after the execution of the said agreement."

On this motion every intendment and fair inference is in favor of the pleading. (*Madole* v. *Gavin*, 215 App. Div. 299.) The 5th paragraph of the complaint alleges that the agreement was entered into with the intention that the parties thereto " should immediately thereafter separate, and in contemplation of such immediate separation," and the agreement recites that the parties have agreed to live separate and apart. There is nothing in the pleadings that would indicate that any interval of time was to intervene between the execution and the separation. The defendant urges the cases of *Winter* v. *Winter* (191 N. Y. 462) and *Gray* v. *Butler* (116 App. Div. 816), wherein Rich, J., wrote of a situation entirely distinct from anything shown in the instant case, because in the case of *Gray* v. *Butler* (*supra*) we find these facts: " This action was brought to enforce the provisions of a separation agreement executed at a time when defendants were living together as husband and wife, that relation continuing for more than six

months thereafter." That distinguishes the case entirely from the present case. While it seems to me that the courts should jealously guard such contracts and enforce them as they are contracts essentially intended to alter the marriage relation and intended to relieve the parties from the duties of living together with incidental support by the husband and in other respects, but where such an agreement is entered into and immediately upon the execution of an agreement the parties separate, it seems to me they have brought themselves within the rule that the contract should be sustained by the courts. An early case is *Carson* v. *Murray* (3 Paige Ch. 483).

In *Weeks* v. *L'Ecluse* (177 N. Y. Supp. 284), where a husband was in the act of abandoning his wife, and she agreed with him upon the amount of money necessary for her support, such a covenant for maintenance, contained in an agreement contemplating immediate separation, is valid, whether made directly or through the medium of a trustee, and is not in violation of public policy, was the conclusion of LEHMAN, J., Special Term, New York county, writing the opinion.

In *Fives* v. *Fives* (122 Misc. 657), MACCRATE, J., has reviewed the cases upon this point with great particularity, and said (at p. 658): "Therefore, the question is squarely presented: Is an agreement providing for immediate separation and payments by a husband to a wife void?" It was decided that the agreement was good and enforcible. The motion is hereby denied, as I consider the agreement perfectly within the law.