LILLIAN GUERIN, Plaintiff, *v.* WILLIAM GUERIN, Defendant.

Supreme Court, Bronx County, July 28, 1926.

**Husband and wife — separation — action by wife on ground of cruel and inhuman treatment and non-support — complaint shows defendant abandoned plaintiff in August, 1910, but failed to show plaintiff has demanded defendant support her and that he has refused — Civil Practice Act, § 53, makes ten-year Statute of Limitations applicable to action for separation on ground of cruel and inhuman treatment — complaint dismissed with leave to serve amended complaint.**

A complaint in an action by the plaintiff for a judgment of separation on the ground of cruel and inhuman treatment and non-support, which recites that defendant abandoned plaintiff and their two infant children in August, 1910, but which fails to show that in the sixteen years intervening plaintiff has demanded that the defendant support her or that he has refused to contribute to the support of plaintiff and their children, must be dismissed on the ground that said action is barred by the ten-year Statute of Limitations; section 53 of the Civil Practice Act relative to the commencement of actions within ten years is applicable to an action for separation on the ground of cruel and inhuman treatment. Plaintiff, however, may serve an amended complaint within twenty days.

MOTION by defendant for judgment dismissing the complaint in an action for separation.

*Louis Susman,* for the plaintiff.

*Douglas Mathewson,* for the defendant.

GIBBS, J. The complaint alleges that the plaintiff and defendant intermarried on the 6th day of July, 1907; that during the months of July and August, 1910, defendant committed acts of cruel and inhuman treatment upon the plaintiff rendering it unsafe for her to continue to live with him; that since August, 1910, defendant has failed, refused and neglected to provide for the support and maintenance of plaintiff and their two infant children; and that during the past sixteen years plaintiff has endeavored to locate the defendant but was unsuccessful until the time of the institution of the action. The answer denies the material allegations of the complaint except that it admits plaintiff left the defendant on July 21, 1910, and that he has not contributed to the support of the plaintiff and their children.

As a separate, distinct and complete defense the defendant alleges " that the alleged cause of action set forth in the complaint did not accrue within ten years next preceding the commencement of this action." He now moves for judgment dismissing the complaint, contending that plaintiff's cause of action is barred by the Statute of Limitations. It has been held that section 53 of the Civil Practice Act relative to the commencement of actions within ten years is applicable to actions for separation on the ground of cruel and inhuman treatment. (*Sturm* v. *Sturm,* 80 Misc. 277.) In that case the court said: " But the difficulty here is that the acts and conduct alleged and relied on to maintain this action are all acts and conduct alleged to have taken place over sixteen years ago, and nothing is set forth subsequent to those dates. Those acts, owing to the Statute of Limitations, are not now available to the plaintiff to maintain her cause of action. * * * Having lost her right to maintain this action, owing to the Statute of Limitations, the plaintiff can reinstate herself to the right of maintenance and support only by offering to resume her wifely duties." In the case at bar the complaint alleges acts substantially the same as those in the *Sturm* case. The additional fact appears that for sixteen years plaintiff endeavored to locate the defendant and has just succeeded. It may be that she has demanded that he provide for her and that he has since refused, but she has not alleged this essential fact.

This being an equity action in which public policy is involved the plaintiff should be given every opportunity of establishing her case. Accordingly the complaint is dismissed with leave to serve an amended complaint within twenty days. Submit order.