FANNIE ANTOINETTE BULLOCK, Plaintiff, v. WILLIAM BULLOCK, Defendant.

Supreme Court, New York County, April 25, 1929.

*H. A. Herold*, for the plaintiff.

*Price Brothers*, for the defendant.

COTILLO, J.   The plaintiff seeks specific performance of a contract with the defendant.   The parties were husband and wife.   An action was commenced by the plaintiff against the defendant for an absolute divorce in the courts of New Jersey.   Pending the outcome of the divorce action and before a decree was entered the parties entered into the following agreement whereby the wife refrained from applying for alimony and support of the children, on condition that the husband pay her certain stipulated sums per week and provide the means for necessary medical expenses and furnish specified articles of clothing for the children.   The substantial agreement concluded as follows: " Said party of the first part agrees to furnish bond for the faithful performance of said covenants with a duly authorized surety company as surety on said bond and said bond to be renewed from year to year as long as this agreement or any other agreement hereinafter made is in force."

Relying on this agreement, the plaintiff made no application for alimony and none was awarded her in the decree.   The defendant continued to make payments under this agreement until November 6, 1926, but has failed to make any since that date and has failed to furnish a bond.

The plaintiff at the beginning of the trial submitted an amended complaint, which the defendant seems to have accepted.   He also admitted on the record all the allegations of the complaint except paragraph 9th, which reads as follows: " Plaintiff further alleges

that according to the decisions of the Courts of New Jersey equity has exclusive jurisdiction of contracts between husband and wife for separate maintenance; that they will be recognized in equity and will be enforced if fair and fairly obtained; that the agreement in suit is such a contract, and the burden of proof that such contract is iniquitous is on the husband."

The plaintiff rested on this admission except for offering in evidence the reports of the following decisions in New Jersey: *Halstead* v. *Halstead* (74 N. J. Eq. 597); *Butlar* v. *Butlar* (71 id. 671) and *Dennison* v. *Dennison* (98 id. 231). No objection to their receipt in evidence was raised by the defendant. The defendant then moved to dismiss on the grounds: *First*, failure of the plaintiff to plead the foreign law, her failure to establish it, and failure to state sufficient facts for a cause of action under the laws of this State; *second*, that the contract having been made in the State of New Jersey, the place of making the contract controls its validity, and since the Legislature of New Jersey has not changed the common law which prohibits a contract between husband and wife, the contract in issue is void in New Jersey.

The first ground is not well taken because defendant did not object to the receipt in evidence of the decisions of New Jersey. They are as much the law as any statute. In any event, even if it be assumed that the plaintiff has not satisfactorily pleaded the law of the foreign jurisdiction, it will, nevertheless, be assumed that the law is the same as that of New York. The principles applicable to separation agreements are fully in point here. While the old common-law rule permitted separation agreements only with the intervention of a trustee, this rule has been abrogated so that husband and wife may enter into such agreements. In *Greenleaf* v. *Blakeman* (40 App. Div. 371) it was held that a covenant in an agreement of separation compelling a husband to furnish collateral security could be enforced in equity. The case of *Devine* v. *Devine* (89 N. J. Eq. 51), which is a late New Jersey case, fully supports the right of the wife to sue her husband in equity under a separation agreement, even though there be no intervening trustee.

The second ground is not tenable because such contracts are cognizable in equity in that State and are enforcible there unless iniquitous or oppressive. (*Lister* v. *Lister*, 86 N. J. Eq. 30.) If the defendant desired to plead an equitable defense to the contract as being oppressive, he could have done so under the New Jersey decisions, but this he has failed to do.

The motion of the defendant to dismiss is, therefore, denied and judgment is directed for the plaintiff for specific performance. Submit decision and judgment on notice, also memorandum supporting the basis for fixing the amount of the undertaking.