BESSE A. LAMONTAGNE, Appellant, *v.* WILLIAM A. LAMONTAGNE, Respondent.

First Department, November 3, 1933.

*Harry Bijur* of counsel [*Bijur & Herts*, attorneys], for the appellant.

*Herbert W. Hall*, for the respondent.

GLENNON, J. Plaintiff instituted this action to recover the sum of $500 representing two installments which became due on October 1 and November 1, 1932, respectively, pursuant to the terms of a separation agreement which was executed on August 22, 1929. Among other things it was provided in the agreement: *First,* that the parties were separated and were living separate and apart; *second,* that from and after the date of the agreement they were to continue to live separate and apart; *third,* defendant was to pay plaintiff $250 a month, commencing with the month of October, 1929, for her support and maintenance, until her death or remarriage.

Defendant paid the plaintiff all the moneys due under the agreement until December 31, 1930. Since then he has failed to pay

anything to the plaintiff. She first instituted an action against the defendant in the City Court to recover the twelve installments which became due during the year 1931. A second action was commenced to recover the nine installments which accrued from January 1 to September 1, 1932. The present action is the third, but it so happens that it was the first to be reached for trial.

In his answer the defendant interposed two affirmative defenses wherein he attacked the separation agreement as contrary to public policy and void, (1) because of the fact that the parties were living together at the time it was executed; and (2) because it contemplated a future separation to take effect September 30, 1929, more than five weeks subsequent to the date of its execution.

The testimony adduced upon the trial of this action did not sustain either defense. After the separation agreement was marked as an exhibit plaintiff rested. Defendant was thereupon called as a witness in his own behalf. He testified that in the summer of 1928 he leased an apartment in the Hotel Wentworth, where he and his wife made their home. The apartment consisted of a living room, two bedrooms and a bath. The last time he slept in the apartment was on the night of August 21, 1929. On the following morning, August 22, 1929, at about eleven-thirty, he left the hotel with plaintiff and Mrs. Hoops, her friend. He had with him at the time a separation agreement which had been previously drawn by his attorney. His testimony further shows that the parties stopped at the hotel desk and inquired for a notary public. They were directed to a stationery store in the same building. There plaintiff and defendant executed the separation agreement. Plaintiff and Mrs. Hoops went uptown. Defendant returned to the hotel for about one-half hour. That evening, about eight-thirty P. M., he again called at the hotel, packed his personal belongings, gave plaintiff her copy of the separation agreement and left. At eight-forty-five defendant registered at the Yale Club, where he remained over night. He further testified that two or three days later he returned to the hotel in order to secure some additional baggage. With that single exception he was never at the hotel and never lived with plaintiff after the night of August 21, 1929. Defendant admitted that the provision of the agreement for the commencement of alimony payments on October 1, 1929, was inserted by mutual agreement because of the circumstance that he was the beneficiary of a trust fund from which he received payments semi-annually and that the next payment was due on October 1, 1929. Thereupon both sides rested and moved for the direction of a verdict. The court directed a verdict in favor of plaintiff for $500.

After some colloquy between court and counsel, the case was reopened and defendant interposed further proof, which had no material bearing upon the facts. Both sides again rested. This time the trial court denied the motion made by plaintiff for a direction of a verdict in her favor. Plaintiff thereupon took the stand in her own behalf and testified that the defendant moved, bag and baggage, from the hotel about a week prior to August 22, 1929; that he did not sleep at the hotel on August twenty-first; that the meeting before the notary was pursuant to an appointment made over the telephone on the morning of the twenty-second. Plaintiff was corroborated by Mrs. Hoops, who said that she slept in Mr. LaMontagne's bedroom in plaintiff's apartment during his absence for a week preceding August twenty-second, including the night of August twenty-first. Other testimony which appears in the record need not be summarized as it has no bearing upon the issue to be determined. The court submitted the case to the jury. He charged in part as follows. " I charge you that if you find that at the time the agreement of separation was executed on August 22, 1929, the defendant and the plaintiff were living together, and were not living separate and apart from each other, that is to say, that the defendant had not then left the plaintiff, and that the agreement was not to take effect until after September 30, 1929, the agreement of separation is void in law, and being void, the plaintiff would not be entitled to recover. If you find, however, that the plaintiff and the defendant were not living together on August 22, 1929, that being the day upon which the agreement was signed, that they had been separated, that is to say, they had separated prior to the time of the execution of the paper, then I charge you that the agreement is a valid and a binding agreement, and that the plaintiff would, under those circumstances, be entitled to recover, and your verdict would have to, in that event, be for the plaintiff for the amount that she sues for here, namely, the sum of $500."

A verdict in defendant's favor was returned. A motion to set aside the verdict was denied.

On this appeal plaintiff raises the point that the testimony clearly showed that the parties separated immediately after the agreement was drawn and that this fact is established by defendant's testimony, as well as by that of the plaintiff and her witness. Plaintiff accordingly insists that there was no question of fact presented upon which a jury could pass, and that it was error for the trial court not to direct a verdict in plaintiff's favor.

Plaintiff relies primarily upon the case of *Clark* v. *Fosdick* (118 N. Y. 7). The case was presented on a demurrer to the complaint. It was assumed by the court in the consideration of the appeal in

that case that " at the time of executing the instrument which forms the basis of this action, the defendant C. Baldwin Fosdick and Jennie P. Fosdick were husband and wife and were living together as such." The holding of the court was to the effect that such an agreement is valid and will be enforced since the separation took place immediately after the execution of the agreement of separation.

The validity of such agreements has been recognized and enforced in numerous cases decided by the courts of this State. In *Marks* v. *Marks* (127 Misc. 416) the rule was stated in the following language: " This opinion in connection with the ruling in *Clark* v. *Fosdick* that contracts between husband and wife through the intervention of a trustee, now unnecessary, are valid if in contemplation of immediate separation, would seem to indicate that only such agreements are under the ban which contemplate a possible separation in the future or contingent on the happening of a future event. The agreement under consideration was made with a view of an immediate separation and not in contemplation of any contingency in the future, and the court below, therefore, erred in holding it illegal."

In *Fives* v. *Fives* (122 Misc. 657) the question was squarely presented and the agreement held to be valid. The case contains a careful and exhaustive review of the authorities on the subject.

Again in *Weeks* v. *L'Ecluse* (177 N. Y. Supp. 284) Judge LEHMAN wrote: " Under the rule of law there announced [*Winter* v. *Winter*, 191 N. Y. 462], it would seem that a covenant for the maintenance of the wife, contained in an agreement for an immediate separation, is valid, regardless of whether the agreement be made directly or through the medium of a trustee."

Other cases are to like effect. (*Winter* v. *Winter*, 191 N. Y. 462; *Bullock* v. *Bullock*, 134 Misc. 250; affd., 227 App. Div. 714; *Leary* v. *Leary*, 136 Misc. 13; *Matter of Silver*, 137 id. 59; *Landes* v. *Landes*, 94 id. 486; affd., 172 App. Div. 758.)

In view of these cases, defendant's claim that the case of *Clark* v. *Fosdick* is not authority for the proposition urged merits little consideration. He argues that the holding in that case was *dictum*. With this we cannot agree. From the statement of the court itself, it is apparent that the question was squarely presented.

Defendant further urges the proposition that a separation agreement made while the parties are living together is binding, if followed by an immediate separation, only where the agreement is made through the medium of a trustee. The cases above cited dispose of this contention. The intervention of a trustee is no longer required. (*Winter* v. *Winter*, 191 N. Y. 462.)

From the authorities it is manifest that there was no question of fact in this case upon which a jury could pass and that a verdict should have been directed in plaintiff's favor. Defendant's testimony certainly raised no issue of fact. On the contrary, it shows clearly that the parties separated immediately after the agreement was executed. While there is testimony in the record to the effect that plaintiff visited defendant when he was very ill and confined to a hospital, no issue was thereby raised, since there is no claim that the parties ever cohabited after the time the agreement was signed.

Defendant's second defense, namely, that the agreement contemplated a future separation to take effect September 30, 1929, is not borne out by the record. Alimony payments were fixed by mutual agreement to commence with the month of October, 1929, only because of the fact that defendant's next semi-annual payment from a trust fund would not be received by him until that time. The fixing of this date for the commencement of payments had nothing to do with the time of the separation of the parties.

The judgment accordingly should be reversed, with costs, and a verdict directed in favor of plaintiff in the sum of $500, with interest and costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff in the sum of $500, with interest and costs.