SPENCER WHEDON, as Administrator, etc., of LETITIA S. WHEDON, Deceased, Appellant, v. LEGRAND S. WHEDON, Respondent.

Fourth Department, March 18, 1936.

*Jules C. Randal* [*Frank G. Raichle* with him on the brief], for the appellant.

*Clarence R. Runals*, for the respondent.

PER CURIAM. The written agreement of April 14, 1930, placed ownership of all the bonds in the defendant.

The title to the income from the bonds presents a different question. Defendant not only claimed at the trial, and claims here, that the agreement of April, 1930, is in all respects valid, but he

himself testified on the trial that the income from the bonds even prior to April, 1930, belonged to his wife. It must follow that the income from April 14, 1930, up to the date of the wife's death was also the property of the wife unless her title was affected by the agreements later made. This brings us to the written documents of February 24, 1933, which purport to convey all income from the bonds to defendant. We find that the separation agreement, so called, of February 24, 1933, and the written agreement of the same date supplementary thereto cannot be upheld. The testimony, and particularly the testimony of defendant himself, convinces us that when these two agreements were made — and the two must stand or fall together since one was made " in pursuance of " the other — defendant and his wife were not living apart, were not " separated " but were in fact and law living together as husband and wife. Of necessity such a separation must be voluntary on the part of both husband and wife and it is clear that defendant at any rate did not intend or consent to live apart from his wife. Further more, said agreements were not made in contemplation of an immediate separation nor followed by an immediate separation. (*LaMontagne* v. *LaMontagne*, 239 App. Div. 352; affd., 264 N. Y. 552.) Both agreements of February 24, 1933, therefore, were and are invalid. (*Winter* v. *Winter*, 191 N. Y. 462.)

The judgment should be reversed on the law and facts and an interlocutory judgment granted, declaring defendant to be the owner of the bonds and plaintiff the owner of the bond income, and remitting the case to the Special Term for an accounting as to the bond income, to the end that final judgment be granted for the amount of such bond income, in favor of the plaintiff and against the defendant, without costs on this appeal to either party.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment reversed on the law and facts and interlocutory judgment granted, declaring defendant to be the owner of the bonds and plaintiff the owner of the bond income, and remitting the case to the Special Term for an accounting as to the bond income, to the end that final judgment be granted for the amount of such bond income, in favor of the plaintiff and against the defendant, without costs on this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.