In the Matter of the Estate of PEARL DE FRANCESCO, Deceased. CLARK C. WEMPLE, as Executor of PEARL DE FRANCESCO, Deceased, Respondent; EDNA B. KINNEY, Appellant.

Third Department, October 29, 1965

*Nicholas J. Grasso* (*Flag Herrick* of counsel), for appellant.

*Alexander Grasso* for respondent.

AULISI, J. This is an appeal from a decree of the Surrogate's Court of Schenectady County entered December 10, 1964, which denied appellant's application for letters of administration, dismissed her objections to the probate of decedent's will and admitted said will to probate.

Pearl Hampele De Francesco died on April 13, 1964, leaving her husband, Vittorio De Francesco, and a sister, Edna B. Kinney. Following her death, the sister applied for letters of administration. A will dated April 4, 1961, in which decedent gave all her estate to her husband to whom she was married on August 4, 1960, was then offered for probate and objections thereto were filed by said sister with a demand for trial by jury of the issues raised. The sister's main contention is that Vittorio De Francesco was not the decedent's lawful surviving husband by reason of a separation agreement entered into by him with Mrs. De Francesco on January 9, 1962, whereby he released his wife and her estate from any and all interest, share or claim.

After a hearing held solely for the purpose of establishing the relationship between the decedent and Mr. De Francesco, the Surrogate concluded that the marriage between them was a valid one and that at the time of decedent's death they were living together as man and wife. We find nothing in the record which compels us to disagree with the Surrogate. The only proof offered by the objectant was some exhibits including the separation agreement and De Francesco's testimony in which he repeatedly stated that he and his wife never separated and that they lived together as husband and wife from their marriage to her death. On this hearing the objectant was not entitled to a trial by jury as a matter of right. Although the agreement recited that the parties were separated, the only evidence here is that they lived together as man and wife from the day of their marriage until her death. A separation agreement is void in its entirety as against public policy if the parties are living

together at the time of making the agreement and never subsequently separate (General Obligations Law, § 5–311 [formerly, Domestic Relations Law, § 51] ; *Whedon* v. *Whedon,* 247 App. Div. 463, app. dsmd. 272 N. Y. 497). Under the present statute, which was in effect at the time of decedent's death, therefore, the lawful surviving husband would be the only intestate distributee (Decedent Estate Law, § 83, subd. 4). Lacking an interest in the estate in the event of intestacy, Mrs. Kinney had no standing even to file objections (Surrogate's Ct. Act, § 147; see *Matter of Davis,* 182 N. Y. 468; *Matter of Waldman,* 1 A D 2d 980; *Matter of O'Keefe,* 135 Misc. 394). Nor was she entitled to letters of administration (Surrogate's Ct. Act, § 118).

The decree should be affirmed.

HERLIHY, J. P., REYNOLDS, TAYLOR and HAMM, JJ., concur.

Decree affirmed, with costs to each party filing a brief payable from the estate.