■    RICHARD W. ELWOOD, Respondent, v MARGARET P. ELWOOD, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered August 24, 1973 in Saratoga County, upon a decision of the court at a Trial Term, without a jury. The parties to this lawsuit are husband and wife and were married on March 11, 1967. Thereafter, on January 30, 1968,

the plaintiff conveyed to himself and defendant, as tenants by the entirety, the property in question. Pursuant to a separation agreement entered into by the parties on June 23, 1969, plaintiff conveyed his interest in the property by deed to defendant on June 24, 1969. The present action was brought to set aside and vacate that deed on the ground that the separation agreement was void under section 5-311 of the General Obligations Law. The trial court granted judgment for the plaintiff finding, as a fact, that the parties did not live separate and apart; that defendant consented to live together with plaintiff at the time of said separation agreement; and that the parties cohabitated thereafter for a period of more than two years. This appeal ensued. The record establishes that the deed in question was executed pursuant to a separation agreement. The validity of the deed, therefore, depends upon the validity of the separation agreement. An examination of the record in its entirety clearly demonstrates that at the time the agreement was made and the deed executed, the parties were husband and wife and living together as such and did not separate for some time thereafter. Under these circumstances, the separation agreement was, in our view, not a valid one and the trial court properly granted judgment to plaintiff. *(Matter of De Francesco,* 24 AD2d 81, affd 19 NY2d 618.) Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.