■ ERIC C. MEYN, Respondent, v EVA L. MEYN, Appellant.— In a matrimonial action, the defendant wife appeals from a judgment of the Supreme Court, Nassau County (Oppido, J.), entered July 10, 1986, which granted the plaintiff husband a divorce upon the ground that the parties had lived separate and apart pursuant to a separation agreement, as amended, for more than one year.

Ordered that the judgment is affirmed, without costs or disbursements.

The parties executed a separation agreement on September 8, 1981. That agreement was amended and effectively ratified by an amendment executed on November 14, 1983, while the parties were still living in the same residence (see, e.g., *Stoerchle v Stoerchle,* 101 AD2d 831). Thereafter, the parties agreed that the wife would continue to reside with the husband in the marital residence until she was able to procure employment and an apartment. On or about December 29, 1983, the husband left the marital residence to vacation in Colorado and thereafter, on January 5, 1984, the wife moved out never to return. On February 4, 1985, the husband commenced an action for divorce on the grounds that the parties had lived separate and apart pursuant to a written agreement of separation for a period of one or more years after the execution of such agreement (Domestic Relations Law § 170 [6]). The wife opposed the divorce on the ground, *inter alia,* that the second separation agreement was void as a matter of law since it was executed while the parties were still living together.

A separation agreement executed at a time when the parties were living together may be found valid where an immediate separation was contemplated and in fact occurred (see, *LaMontagne v LaMontagne,* 239 App Div 352, *affd* 264 NY 552; *Whedon v Whedon,* 247 App Div 463). Examination of the record reveals that the husband was properly granted a conversion divorce pursuant to the Domestic Relations Law

§ 170 (6). The evidence adduced at trial indicates that the separation agreement, as amended, was made in contemplation of an immediate separation and in fact was followed by an immediate separation and is therefore valid (see, LaMontagne v LaMontagne, supra; cf., Elwood v Elwood, 51 AD2d 1090).

We reject the wife's contention that the amended agreement was rendered void because the parties did not publicly separate until about 6½ weeks after its execution. The actual separation was sufficiently immediate to the execution of the agreement to support a conversion divorce. Moreover, the wife did not object to or reject the agreement during the approximately 14½ months following its execution and accepted all of the benefits bestowed on her by her husband's compliance during that time (see, Picotte v Picotte, 82 AD2d 983, 984, lv dismissed 55 NY2d 605, 847, lv denied 55 NY2d 847). Under the circumstances, it would be inequitable to restrict the right of the husband to procure a conversion divorce where he has substantially complied with the separation agreement and there has been a separation over 13 months, albeit commencing 6½ weeks after the execution of the amended agreement (see, Christian v Christian, 42 NY2d 63, 65).

Finally, we note that the trial court erroneously ruled that the wife was collaterally estopped from raising the issue of the validity of the separation agreement. Although this court noted in a prior decision that the wife was precluded from realleging "issues of fraud and deceit in regard to the execution of a separation agreement" which issues had been "specifically and necessarily determined against her" in a prior proceeding, we did not consider the issue of whether the parties' continued cohabitation rendered the second agreement void (Meyn v Meyn, 119 AD2d 644, 645). That issue was not specifically raised in any prior proceeding between the parties and therefore it could not have been necessarily determined against her after a complete hearing (see, Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11). Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.