DORIS DWORKIN, Appellant, *v.* PHILIP DWORKIN, Respondent.

First Department, April 3, 1936.

214

*Leo A. Greenbaum,* for the appellant.

*David S. Levin,* for the respondent.

PER CURIAM. The separation agreement entered into between plaintiff and defendant prior to the entry of the interlocutory judgment in the action for absolute divorce is void upon its face. Under its provisions, plaintiff contracted to relieve the defendant of his liability to support her without any valid consideration for the promise. Such an agreement is against the settled policy of this State (*Kershner* v. *Kershner,* 244 App. Div. 34, 36; affd., 270 N. Y. 642; *Kunker* v. *Kunker,* 230 App. Div. 641, 643), is expressly prohibited by statute (Dom. Rel. Law, § 51) and may be disregarded. (*Mabbett* v. *Mabbett,* 197 App. Div. 654; *Gewirtz* v. *Gewirtz,* 189 id. 483, 486.)

The general release delivered by plaintiff to defendant at the time when the separation agreement was made, operated as a release only of claims which originated at or before the date the general release was executed, and did not apply to claims for support maturing thereafter. (*Farnham* v. *Farnham,* 204 App. Div. 573; *Mitchell* v. *Mitchell,* 170 id. 452.)

In the circumstances there was no need for the plaintiff to bring an action to set aside or modify the separation agreement, which so far as it absolutely relieved the husband from all obligations to support his wife, was a *nudum pactum*, and did not bar plaintiff's right to support. The court at Special Term should have granted the application to amend the final judgment of divorce by inserting therein a direction for support of the plaintiff. (Civ. Prac. Act, § 1170.) The amount provided may be determined after a hearing before a referee who is to inquire into the financial circumstances of the defendant. An allowance to the plaintiff for her attorney's fees for services rendered and to be rendered subsequent to the time of her application therefor may be fixed upon the coming in of the report of the referee.

The order should be reversed and the plaintiff should be awarded alimony and counsel fee upon the coming in of the report of the official referee, without costs.

Present — MARTIN, P. J., McAVOY, O'MALLEY, DORE and COHN, JJ.

Order unanimously reversed, without costs, and a reference ordered to an official referee to report upon the amount of alimony and counsel fee. Settle order on notice.