GRACE H. HOOPS, Respondent, *v.* EDWARD E. HOOPS, Appellant.

First Department, July 2, 1943.

*Richard Steel* for appellant.

*Marcus Klein* of counsel (*Benjamin A. Hartstein,* attorney), for respondent.

UNTERMYER, J.  The parties were married in 1923.  In 1934 the plaintiff instituted an action for divorce against the defendant in New York County, which in 1936 resulted in a judgment of divorce making provision for the payment of alimony to the plaintiff at the rate of thirty-five dollars per week.

In October, 1939, the parties entered into a written contract whereby the defendant paid to the plaintiff the sum of $7,500, advanced to him by his brother William T. Hoops, in consideration of the release by the plaintiff of all claims for alimony and in lieu of dower. Simultaneously, the parties entered into a stipulation, pursuant to which the final judgment of divorce was amended by eliminating all provisions for the payment of alimony to the plaintiff.

In May, 1940, William T. Hoops died. By his will one fifth of his residuary estate was directed to be held in trust and the net income, approximately $6,000 per year, paid to the defendant during his life. In May, 1941, the plaintiff, being then destitute, commenced this action to set aside the settlement and for an order modifying the judgment of divorce by reinstating provisions for her support and maintenance.

The defendant offered no evidence in contradiction of the plaintiff's proof and the court, at the conclusion of the trial, decreed that the settlement agreement, including the release of dower, be set aside upon the ground that the agreement contravened the provisions of section 51 of the Domestic Relations Law. (*Kyff* v. *Kyff*, 286 N. Y. 71; *Goldman* v. *Goldman*, 282 N. Y. 296.) The court further directed that the judgment of divorce be modified by awarding to the plaintiff alimony at the rate of thirty-five dollars per week from the time of the commencement of the action. The defendant contends on this appeal that although husband and wife may not, throughout their marriage, contract to relieve the husband from the duty to support the wife, they may do so after the marriage relation had been dissolved.

We think the same principle of public policy which applies throughout the marriage renders unenforcible a contract relieving the husband from the legal duty which is generated by that relationship and which continues when the marriage is dissolved on account of his misconduct. It is difficult to suggest any valid reason for the distinction which is contended for, since in both instances the duty to support the wife is directly attributable to the same relationship. Having the same origin and purposes, it should, in reason, have the same consequence. " In an action for divorce, although the final judgment puts an end to the relation of husband and wife, the duty of the husband to support the wife may in substance be continued in the form of an award of alimony." (*Fox* v. *Fox*, 263 N. Y. 68.) The nature of that duty after dissolution of the marriage was described in *Romaine* v. *Chauncey* (129 N. Y. 566): " The divorce with its incidental allowance of alimony

simply continues his duty beyond the decree and compels him to perform it, but does not change its nature. The divorce and consequent separation are wholly his own fault, and do not relieve him from the continued performance of the marital obligation of support.'' We are unwilling to hold that the same duty, resulting from the same principles of public policy, may be released by the wife after, but not before, the judgment of divorce. The court, therefore, was justified in setting aside the agreement of October, 1939, to the extent that it released the defendant from the obligation to pay alimony and in modifying the decree accordingly. (*Galusha* v. *Galusha,* 138 N. Y. 272; Civ. Prac. Act, §§ 1155, 1170.)

Under the circumstances of the present case, we think the court should not, in the exercise of its discretion, have directed that alimony, amounting to $1,575, be paid from the time of the commencement of the action, regardless of the power of the court to make such an award. We must give consideration to the fact that the plaintiff received $7,500 in October, 1939, and that judgment in the present action was entered in April, 1942, a period of approximately two and one-half years. The amount of that payment so far exceeded the total alimony payable to the plaintiff under the decree of divorce that there was no occasion for the exercise of this discretion in her favor, even if we assume that in an action of this character such a discretion exists. Nor should the release of dower executed by the plaintiff be set aside, even though she cannot be held to all the provisions of the contract. To the extent that the agreement purported to relieve the husband from the duty to support his former wife, it was ineffectual but it was not immoral or illegal.

The judgment should be modified by eliminating so much thereof as directs the defendant to pay to the plaintiff the sum of $1,575, representing alimony from the time of the commencement of the action and by providing that such alimony shall commence as of the date of the entry of judgment, and by striking out so much as sets aside the plaintiff's release of dower, and as so modified affirmed, without costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously modified by eliminating so much thereof as directs the defendant to pay to the plaintiff the sum of $1,575, representing alimony from the time of the commencement of the action, and by providing that such alimony shall commence as of the date of the entry of judgment, and by striking out so much as sets aside the plaintiff's release of dower, and as so modified affirmed, without costs. Settle order on notice.