SAMUEL SCHIFF, Appellant-Respondent, v. BELLA R. SCHIFF, Respondent-Appellant.— Cross appeals from an order granting in part and denying in part plaintiff's motion to strike out the six defenses in defendant's answer as insufficient in law, and denying defendant's cross motion for judgment on the

pleadings. Order modified on the law by striking from the first ordering paragraph the word "Sixth" and inserting the words "First" and "Fifth". As so modified, the order is affirmed, without costs. The first defense, alleging that plaintiff has an adequate remedy at law, is a mere conclusion of law with no facts alleged to support it. (*McKenzie* v. *Wappler Electric Co., Inc.,* 215 App. Div. 336; *Levan* v. *American Safety Table Co., Inc.,* 222 App. Div. 110, 114.) Moreover, it is an unnecessary repetition in affirmative form of the denial in defendant's answer of the allegation in the complaint that plaintiff has no adequate remedy at law. The second defense is clearly insufficient and was properly struck out. It is unnecessary and repetitious in view of defendant's denial of the allegation in the complaint that he "has fully performed all the terms, covenants and conditions of the aforesaid agreement on his part required to be performed." The third defense alleges that the separation agreement is void because it totally relieves plaintiff from his liability to support his wife. The Special Term correctly held this defense to be insufficient. While the provision in the agreement exempting the husband from his obligation to support his wife contravenes section 51 of the Domestic Relations Law (*Tirrell* v. *Tirrell,* 232 N. Y. 224, 229; *Dworkin* v. *Dworkin,* 247 App. Div. 213; *Golden* v. *Golden,* 17 N. Y. S. 2d 76), that provision does not vitiate the entire agreement and the other provisions of the agreement may be valid and enforcible. (*Central N. Y. Tel. & Tel. Co.* v. *Averill,* 199 N. Y. 128; *Hoops* v. *Hoops,* 266 App. Div. 512.) The fourth defense of want of consideration is sufficiently pleaded. (*First Nat. Bank of Towanda* v. *Robinson,* 105 App. Div. 193, 196.) The fifth defense, alleging impossibility of performance, is a mere conclusion of law with no facts alleged to support it. The sixth defense of duress is sufficiently pleaded, particularly so in view of the fact that this is an action in equity. (*Scheinberg* v. *Scheinberg,* 249 N. Y. 277.) Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.