Samuel Fails, S.
In this proceeding the niece of decedent petitioned the court for her appointment as administratrix, and in her petition challenged the right of the alleged wife of decedent to share in his estate as a distributee. Objections were filed by the alleged wife and the matter was set down for trial, but the objeetant defaulted in appearance. The petitioner proceeded with her case and presented evidence tending to establish that the alleged wife forfeited her right to share as a distributee, and on the basis of such evidence, letters of administration were issued to the petitioner by an order of this court dated June 18, 1956. The objeetant then moved pursuant to subdivision 6 of section 20 of the Surrogate’s Court Act to vacate the decree appointing the petitioner as administratrix, and such motion was granted by decision of this court dated November 8, 1956, and the proceeding was restored to the calendar for a hearing of the issues presented. At the hearing there was introduced on behalf of the petitioner a written agreement of separation between the decedent and the objeetant dated April 27, 1937. The agreement, in which the objeetant is identified as the party of the second part, provides in part as follows: ‘ The party of the second part agrees to accept the conveyance of said premises at 115 Warren Avenue in full settlement and discharge of any claim which she now has or may hereafter have against the party of the first part, for maintenance and support, and does hereby release and discharge the party of the first part from any claim or demand which she noto has or may hereafter have against him arising out of their marriage relationship. ” (Emphasis added.)
*801 The agreement was duly executed and acknowledged by both the decedent and the objectant. The petitioner contends that such agreement effectively bars the objectant from any share or interest in the estate of the decedent. The wife contends that the release does not extend to the forfeiture of any rights to share in decedent’s estate.
In Matter of Wylie (187 App. Div. 840, 841) the court held that a separation agreement under which a wife had agreed to release her husband “ from all marital obligations ” was effective to bar her from the right to take exempt property. In, Matter of Klein (121 Misc. 568) the court held that the surviving widow was barred from filing objections to probate because she had executed a separation agreement which provided for a “permanent settlement” of all the wife’s rights against her husband, and, therefore, she was not “ a person interested ” in the estate of her deceased husband.
The contention of the objectant that the agreement is void and unenforcible under section 51 of the Domestic Relations Law is predicated upon the allegation that under the terms of such agreement the husband was relieved from his liability to support the wife. In Matter of Brenner (44 N. Y. S. 2d 447, affd. 268 App. Div. 1001) this court used the following language at page 448 to refute a similar contention: ‘ Since that portion of the contract which purports to relieve the respondent husband from his duty of support is merely ineffectual and unenforcible and not illegal, I am constrained to hold that the respondent is bound by the provision thereof whereby he waived his statutory right to take against the will.”
The court finds that under the terms of the separation agreement the wife is not a person interested in the estate of decedent, and, therefore, is not entitled to letters of administration. Accordingly, the objections are dismissed and letters of administration will issue to the petitioner.
Settle decree.