Joseph W. Cribb, S.
In this proceeding two nephews of the decedent petitioned for the probate of a will dated January 11, 1957, and for their appointment as executors thereof. Thereafter, objections to the probate were filed by deceased’s wife on the ground that Christopher M. Fraize, the testator, was not of sound mind or memory on the date of the execution of said will.
Proponents thereupon introduced in evidence a separation agreement dated January 11, 1957, the same day as the date of the will, and said separation agreement provides for a division of the property of the respective parties thereto and, among other things, further provides as follows: “ Likewise the wife does hereby release the husband and his estate from any and all interest, share or claim that she may have in any property now owned or hereafter to become owned by him, including all claims by way of dower, distributable shares, family exemptions or otherwise; and the said wife does hereby waive the right to *176 elect to take against any Will or Testament the said husband may have made or may make. ’ ’
This agreement further provides that the husband was to be forever released from any and all obligation to make a home for the wife or to support her or. make any payments for her support to her.
This agreement was duly executed and acknowledged by both the husband and the wife in the law offices of Levy & Muehe at which time both parties were represented by counsel, the husband by Levy & Muehe, and the wife by attorney Robert P. Kennedy. Thereafter later in the day the will in question was also executed in the offices of Levy & Muehe.
The decedent died April 8, 1958, over a year after the execution of the separation agreement and will. During this time the wife made no complaint concerning the agreement and never sought judicial action to impeach the same. At the hearing held June 9, 1958, at which time the objections were filed, attorney for the proponents moved that the objections be dismissed on the ground that the widow is not a proper party to contest the validity of the will under section 147 of the Surrogate’s Court Act inasmuch as she had entered into the separation agreement releasing her right in the estate. Adjournment was taken for the purpose of filing briefs in the matter. Counsel for the objectant concedes that if the separation agreement were valid, the surviving wife would not be a person entitled to object to the probate; however, he argues that the testator was incompetent on the date of the execution of said agreement to enter into a valid agreement, that there was no consideration for the agreement and furthermore that the agreement itself is void as against public policy due to the fact that it purports to relieve the husband from any and all obligations to support the wife and that such an agreement is contrary to section 51 of the Domestic Relations Law of the State of New York.
Assuming, for the sake of argument, that Christopher M. Fraize was incompetent to enter into the agreement, this would not affect Bessie M. Fraize’s waiver as she had capacity to enter into the agreement and to waive her rights. Contracts made with lunatics and infants are not void but are voidable only by the party under the disability. (Smith v. Ryan, 191 N. Y. 452; Blinn v. Schwarz, 177 N. Y. 252.)
Mr. Fraize took no steps to set aside the agreement during his lifetime but on the contrary he complied with its terms relative to moving out of the home, deeding his interest in the same to his wife, etc.
*177 As to the question of consideration, I am of the opinion that in the instant case the widow did receive consideration at the time of execution of the agreement; however, even if she did not, subdivision 9 (par. [d]) of section 18 of the Decedent Estate Law provides that a waiver or release of right of election shall be effective whether executed with or without consideration. And said subdivision 9 (par. [c]) further provides that such a waiver or release may even be unilateral in form and executed only by the maker thereof.
Concerning the allegation that the agreement is against public policy pursuant to section 51 of the Domestic Relations Law due to the fact it purports to relieve the husband from his liability to support the wife, it is well settled that while such a provision does violate section 51, it does not, nevertheless, vitiate the entire agreement and the other provisions of the agreement may be valid and enforcible. (Schiff v. Schiff, 270 App. Div. 845; Matter of Brenner, 44 N. Y. S. 2d 447, affd. 268 App. Div. 1001; Matter of Lee, 6 Misc 2d 799.)
The court finds that under the terms of the separation agreement and the law applicable thereto the wife is not a person interested in the estate of the decedent within the meaning of section 147 of the Surrogate’s Court Act, and therefore, is not entitled to file objections to the probate of the will. Accordingly, the objections are dismissed and the will may be admitted to probate and letters testamentary will issue to the petitioners.
Let an order be entered accordingly.