William B. Groat, J.
Motion by the plaintiff for temporary alimony and counsel fees.
The action, according to the amended complaint, is for a separation on the ground of abandonment on or about December 11, 1959. In the second cause of action the plaintiff seeks to rescind a separation agreement dated December 28, 1959, upon the ground that the support provisions thereof are unfair, unjust, inequitable and unconscionable for the reason that they completely fail to provide any support for the plaintiff herself and, if support is intended for the two children and the plaintiff, it is grossly inadequate.
The agreement, a copy of which is annexed to the amended complaint, gives the plaintiff custody of the children with certain rights of visitation to the defendant, who is to pay the plaintiff $21 per week for the support of each child until each attains the age of 18 years together with unexpected and/or emergency medical and dental bills incurred, if possible after consultation between the parents. It is further provided that all furniture, furnishings and personal property in the apartment of the parties should be the property of the wife; that all outstanding obligations of the parties are to be assumed by the *859 husband, who is to hold the wife free and harmless from all claims up to the date of the agreement and that ‘ ‘ From this day forward, the Wife shall not incur any debt or obligation in the name of the Husband and the Wife shall hold the Husband free and harmless from any and all obligations hereinafter incurred.” It is further provided that in the event the parties are unable to effect a reconciliation on or before the first day of January, 1961, either party may institute suit for divorce in any court of competent jurisdiction and the party plaintiff in such action shall bear the costs incurred therein; that in the event the wife obtains a divorce and remarries, then upon such remarriage, the payments for the support and maintenance of the children shall be such amount as can be agreed upon between the parties and in default of such agreement such payment shall cease and the parties shall be at liberty to take such steps or proceedings as the law then allows.
It is clear from the foregoing that no provision for the support of the plaintiff was made in the agreement of “ separation ’ ’. To that extent then such agreement is void under section 51 of the Domestic Relations Law. (Golden v. Golden, 17 N. Y. S. 2d 76 [App. Term, 1st Dept.].) The remaining portions of the agreement, however, may be found to be valid and enforcible. (Schiff v. Schiff, 270 App. Div. 845; Matter of Fraize, 14 Misc 2d 175, 177.)
Of course, the cause of action to rescind the separation agreement is not a ‘ ‘ matrimonial action ’ ’ and hence there is no authority for the allowance to the wife of temporary alimony and counsel fee in connection therewith. (Carlson v. Carlson, 269 App. Div. 21.) Nor is she entitled to such temporary allowances in the cause of action for separation on the ground of abandonment if her papers fail to establish reasonable probability of success. (Rogers v. Rogers, 279 App. Div. 1046.) The court is of the opinion that the separation agreement executed by the parties providing that they shall continue to ‘ ‘ live separate and apart ” prima facie negates the existence of the cause, of action for separation on the ground of abandonment. To reaetivize a marriage dormant because of a voluntary separation requires a clear and unmistakable request to do so, in the absence of which an action for a separation on the ground of desertion or abandonment is not possible. (Solomon v. Solomon, 290 N. Y. 337.) In People ex rel. Roosevelt v. Roosevelt (13 A D 2d 334, 337) the Appellate Division of the First Department held: “ A judicial separation must be predicated on statutory grounds; it may not be granted simply because the spouses are living apart by consent. ’ ’ The court went on to state that if the sepa *860 ration in that case was by consent, “ it was incumbent on the wife to establish her bona fide offer to return to and a refusal thereof by the defendant prior to the commencement of the action before a valid claim of nonsupport would lie. The wife does not allege she offered to return to the defendant and the evidence is that since October, 1959 she did not offer or intend to return to him. ’ ’
No offer to reactivize the marriage has been pleaded by the plaintiff nor shown in her papers. Under these circumstances the court is constrained to deny her motion at this time, there being no claim that the defendant is not continuing to abide by the terms of the separation agreement in respect to the children. It may be that upon a plenary trial the plaintiff may be in a position to establish her cause of action for separation, although she has not done so at the present time. Accordingly, power is reserved in the trial court to allow the plaintiff a counsel fee upon the facts as they may then be established and support for the plaintiff as of the time of the making of this motion. (Hirschberg v. Hirschberg, 7 A D 2d 869.)