HELENE D. STAHL, Respondent, v. STANLEY STAHL, Appellant.

First Department, June 12, 1962.

*Myron J. Greene* of counsel (*Edward H. Levine* and *Martin Greene* with him on the brief; *Morris H. Halpern,* attorney), for appellant.

*Irving I. Erdheim* of counsel (*Fred Lichtblau* and *Judith Magzamer* with him on the brief; *Erdheim & Armstrong,* attorneys), for respondent.

*Per Curiam.* Plaintiff wife has a decree of separation on the ground of abandonment. There is one child of the marriage, a boy, 17 months old at the time of the commencement of the action. Plaintiff was awarded the sum of $350 per week for permanent alimony and support of the child. In addition, a certain agreement between the parties has, at her instance, been completely invalidated.

No question is raised as to the propriety of the decree of separation. As to the alimony, no question of the ability of the defendant to pay is presented. The criterion for fixing the award therefore becomes the scale of living of the parties during their married life (*Borchard* v. *Borchard,* 5 A D 2d 472). The court found this figure to be $21,000. An award of $200 for alimony and $50 for support of the child weekly would be an adequate award under these circumstances.

The parties had entered into a separation agreement prior to the suit. Included in this agreement were mutual waivers by both spouses to share in the estate of the other. The court found that this agreement violated section 51 of the Domestic Relations Law as being a contract to alter or dissolve a marriage. This is not contested. However, the conclusion of the court that this renders void all the covenants of the agreement, including those unrelated to the continued existence of the marriage and for support, is challenged.

We believe the challenge to be well founded. It is well settled that agreements which may not be enforced because they contravene this statute may still contain releases or waivers

which are enforcible (*Hoops* v. *Hoops*, 266 App. Div. 512; *Schiff* v. *Schiff*, 270 App. Div. 845; *Dworkin* v. *Dworkin*, 247 App. Div. 213). While in all of these cases the agreement violated that part of the statute which prohibits a husband from contracting to relieve himself of support, the rule would apply with equal effect where the bar of the statute applies because the agreement is one to alter the marriage status, namely, to separate. In the only case where there was an objection to the agreement on this ground (*Tirrell* v. *Tirrell*, 232 N. Y. 224), the court did avoid a release of dower, but while the balance of the agreement was vitiated because it contravened the statute, this provision was avoided on the express finding that consideration was lacking.

Special Term did not base its conclusion solely on the ground of the statutory bar. It found that the provision was so entwined with the balance of the agreement that it was inseparable and also that the agreement was induced by fraud and overreaching. As to the latter, we find nothing to support it in the record. The only specification of fraud is that defendant failed to reveal the extent of his means. Actually he did more than that. He refused flatly to reveal them. Knowing that and with the benefit of legal advice, plaintiff signed the agreement. Her claim is that she did so in the hope of preserving the marriage — though how an agreement to separate would have this effect is not elucidated. In any event, no fraud or over-reaching is involved. As to its being dependent on the other terms of the agreement, it is no more so than in the cited cases. In fact, it is less so. Plaintiff herself enjoys an estate. Defendant's release of his rights to share in that estate is a distinct and separate consideration, quite apart from the other terms of the agreement. While there are indications that presently the husband's expectant estate exceeds that of his wife, who knows what the situation will be at the time the respective waivers become effectual?

The judgment should be modified to reduce the alimony to $200 per week for plaintiff wife and $50 per week for the support of the child of the parties, and the first decretal paragraph amended in respect to decreeing the agreement of February 8, 1960 to be void, to exclude therefrom plaintiff's waiver of her right of election under defendant's last will and testament; and, as so modified, the judgment should be affirmed, without costs.

BREITEL, J. P. (dissenting in part). The court is divided only on the issue whether the mutual waiver of rights under section 18 of the Decedent Estate Law survived the otherwise void

support agreement between the spouses. The trial court found that the agreement generally was the product of overreaching and was not severable; therefore, the court struck it down entirely.

This court tacitly sustains plaintiff wife's contention that the agreement made inadequate provision for her support and the child of the marriage and concurs in the trial finding that, at least to that extent, the agreement was the result either of imprudence or overreaching. Obviously, the court would not be likely to upset the support figures voluntarily set by the parties if there were merely a disagreement upon the assessment of the level of support. Of course, it is recognized that in viewing the agreement as an attempt to alter or dissolve the marriage, the majority would strike it down no matter what sums were agreed upon. But this court's independent measurement of the husband's obligation is nonetheless significant in adjudging the fairness of the voluntary agreement.

While perhaps the husband has not been accused of fraud in falsely asserting what his resources and income are,[*] he has continuously — at the time of the agreement, at the trial, and even now, on the appeal — abstained from making a disclosure. The support level may be fixed on the basis of the preseparation standard of living; but a postnuptial surrender of an interest in a spouse's estate surely must rest on some understanding of what is, in reality, being surrendered. Where the wife is as young as this plaintiff, and all support ceases on the death of the husband, the wife is entitled to more than concealment of the facts, before her waiver of an interest in the husband's estate, executed during the marriage and when separation is impending, is held valid.

Recognizing that the marital relationship gives rise to a mutual obligation of the utmost good faith, the courts have long emphasized the need, between persons already married, for a full and fair disclosure of relevant facts as the basis for a waiver of substantial marital rights (cf. *Matter of Phillips*, 293 N. Y. 483, 490–491; *Graham* v. *Graham*, 143 N. Y. 573, 580; *Pierce* v. *Pierce*, 71 N. Y. 154, 158). Here, the most relevant fact of all — the extent of the husband's assets and expectancies

---

[*] Even this may be too generous a view. The trial court, in its opinion, said: " The only disclosure made by him was the production of a tax return for the year 1958 showing his income to be under $10,000, which was highly misleading and not indicative of his true financial position * * *. Indeed, the very terms of the agreement make a mockery of the claim that such was reflective of his true worth."

— was concealed. Indeed, this is the boast, in contending that there was no fraud. And, notably, the agreement falsely recited, at great length in both the preamble and the main text, that each of the contracting parties had fully informed and disclosed to the other their financial condition. On the trial, testimony was presented by both sides to the fact of nondisclosure.

Moreover, the support provisions of the agreement are inextricably tied in with the section 18 waiver. The agreement, now otherwise concededly void, provided for life insurance for the child's benefit and support of the child after the husband's death. Even more significantly, the agreement provided for payments of $75 per week to the child's legal guardian after the father's death. All of these provisions, clearly in exchange for the waiver, are now unenforcible with the fall of the agreement.

*Tirrell* v. *Tirrell* (232 N. Y. 224) is precisely in point. There the court struck down a separation agreement, inclusive of a waiver of dower right, because the agreement and the performance under it had established the inadequacy of the contractual support level. The references to the consideration aspect of the matter were merely recitals of what had happened in the trial court and the Appellate Division. The Court of Appeals did not state this as a factor, either in the sense of a requirement to bind or as a *quid pro quo,* in determining that the agreement in its entirety was void. Instead, the basic policy affecting the marital relation and the continuing duty of the husband to support was discussed. Once the limitations on the power to contract out of the obligation to support were elaborated, no further discussion of the waiver of dower right was required.

Of course, the problem was hardly solvable by reference to a lack of consideration or, perhaps more accurately, to a failure of consideration. But even if the problem, there or here, were to be solved that way, then certainly the mutual waiver in this case had as its consideration, that is, as its *quid pro quo,* not only the mutuality of waiver, but the planned support provisions and insurance which have failed for illegality. In short, the problem is simply what was the bargain. In the *Tirrell* case, for reasons less persuasive than here, the waiver was held not separable from the bargain for support.

Finally, the ninth paragraph of the agreement shows an awareness of the possible infirmity in the agreement and the distinct relation between waiver of the wife's rights to the husband's estate and the support provisions for herself and the child. This is shown by the reference to life insurance on the

husband's life, for which no provision was made for the wife's benefit.*

For what it is worth, and it is worth something, the support agreement contained no separability clause. This, despite the patent recognition of doubtful legality.

Consequently, in this case, the trial court was eminently entitled to find that the waiver was inseparable from the other provisions of the agreement and that the whole was the product of overreaching.

Accordingly, I dissent from that portion of the modification which sustains the plaintiff's waiver of her right of election, and I vote to affirm the trial court's finding that the agreement of February 8, 1960 is entirely void.

VALENTE, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; BREITEL, J. P., dissents in part in opinion, in which EAGER, J., concurs.

Judgment modified to reduce the alimony to $200 per week for plaintiff wife and $50 per week for the support of the child of the parties, and the first decretal paragraph is amended in respect to decreeing the agreement of February 8, 1960 to be void, to exclude therefrom plaintiff's waiver of her right of election under defendant's last will and testament; and, as so modified, the judgment is affirmed, without costs. Settle order on notice.

---

* The Ninth paragraph reads as follows:

" NINTH : The Husband and the Wife, each for himself and herself, expressly and specifically warrant and represent to the other, that each has been separately and independently advised of their respective legal rights, remedies and obligations, by counsel of their own choice, and *the Wife has fully considered the several suggestions advanced by her attorney as to life insurance policies on the life of the husband,* for her greater security, *and the questionable legality of the within agreement,* without further research on his part, and the Husband has fully considered the financial prejudice he might suffer in any Court action by releasing the within agreement before the due signing thereof, as possible evidence of his voluntary offers of support, the Husband and Wife, at the conclusion of all of which, each for himself and herself, believes the within agreement adequate, fair, just and reasonable, and that each of them signs the same voluntarily, without coercion or duress by either of them against the other, and without reliance upon any oral or other representations or inducements extrinsic hereto for the signing hereof, than those expressly and specifically set forth herein." (Emphasis supplied.)