Joseph A. Cox, S.
The executor instituted this proceeding to determine the validity of a notice of election asserted by the testator’s widow pursuant to section 18 of the Decedent Estate Law. The petition alleges that such election is invalid by reason of a waiver of election contained in an instrument exe *899 euted by the testator, the respondent, and the children of the testator on January 5, 1962. The answer of the respondent widow admits that she signed a document on January 5, 1962, admits that she received $125,000 pursuant to that agreement but, as an affirmative defense, pleads that the document signed by her is contrary to public policy and consequently void. The execution of the agreement of January 5, 1962, including its acknowledgment by the respondent, has been established at a trial. The agreement contains mutual waivers and releases of rights of election pursuant to section 18 of the Decedent Estate Law of both the testator and his wife. The sole issue for determination, as fixed by the pleadings of the parties (Matter of Goebel, 263 App. Div. 516), is the validity of this agreement, that is, whether or not certain provisions of the agreement contravene public policy and render the agreement void in its entirety. The agreement recites the marriage of the testator and respondent, that ‘1 the parties hereto have agreed to fix and determine by this Agreement all of the rights and claims of the Wife, accrued and to be accrued against the Husband and his estate and the Children ’ ’, that 11 the Wife agrees to accept the provisions of this Agreement in lieu of and in full discharge, settlement and satisfaction of any and all of such rights and claims, past, present and future against the Husband and the Children ’ ’. The parties agreed that the testator pay his wife $150,000 of which $25,000 constituted a fee to her attorney. The wife acknowledged that such sum should be “in full and complete payment of any and all claims against the Husband for her full support and maintenance for the past, present and future”. A further provision of the agreement reads: “As long as Oscar Frisch physically occupies the aforesaid apartment, the Wife shall be free of the following obligations: rent, nursing care for Oscar Frisch and food bills not exceeding Seventy Dollars a week. Other household expenses shall be paid for by the Wife.” The respondent contends that the provisions of the agreement for the payment of a sum in lieu of her support and maintenance is a violation of section 5-311 of the General Obligations Law (formerly section 51 of the Domestic Relations Law) and thereby the entire contract is rendered void. The petitioner and the special guardian assert that, despite any invalidity of a portion of the agreement, the entire agreement is not invalidated and the waiver of the right of election is separable and enforcible.
The fact that the agreement may contain provisions for the payment of a sum or sums in lieu of the husband’s obligation to support his wife, and such provisions may be void (Garlock *900 v. Garlock, 279 N. Y. 337), is not determinative of the affirmative defense raised by the respondent’s answer. The question remains as to whether these portions of the agreement are such an integral part of that instrument as to vitiate it in its entirety (Lacks v. Lacks, 12 N Y 2d 268). In Hoops v. Hoops (266 App. Div. 512, 514) the determination was that a wife could not be held to a contract which contravened section 51 of the Domestic Relations Law but the court further ruled that, since the ineffectual contract provisions were neither. immoral nor illegal, a release of dower in the contract would not be set aside. Schiff v. Schiff (270 App. Div. 845) is a holding that a provision of an agreement exempting a husband from his obligation to support contravened section 51 of the Domestic Relations Law but such provision did not vitiate the entire agreement. A more recent pronouncement is found in Stahl v. Stahl (16 A D 2d 467, 468-469) where it was said: “ It is well settled that agreements which may not be enforced because they contravene this statute may still contain releases or waivers which are enforcible ”. In that case, as here, there were mutual releases of the rights of election and it was held that the husband’s release constituted a distinct and separate consideration apart from the other terms of the agreement. In Stahl v. Stahl (supra) it was held that the agreement between the spouses violated the statutory prohibition against a contract relieving a husband from his obligation of support but such violation did not invalidate the separate provisions for the mutual waivers of rights of election. These decisions are applicable to the present facts and are controlling. The affirmative defense of the respondent is dismissed and it is held that the agreement between the respondent and her husband effectually bars a right of election.
While not pleaded in the respondent’s answer, the brief of her attorneys argues that the agreement was tainted by fraud and was the “ product of economic coercion.” The proof does not support this argument. The agreement recites that the respondent was fully acquainted with the means and resources of her husband, the respondent was represented in the negotiations and at the time of the execution of the agreement by an attorney of her choice whose fee could be indicative of the rendition of substantial services and the respondent also had the advice of her adult son. The events do not establish concealment, fraud, imposition or overreaching (Matter of Phillips, 293 N. Y. 483; Matter of Liberman, 4 A D 2d 512, 516). If the testator had been a person of unsound mind, and the evidence did not establish that, the agreement would have been voidable at his election or at the election of his personal representative *901 but not at the choice of the respondent (Verstandig v. Schlaffer, 296 N. Y. 62; Matter of Fraize, 14 Misc 2d 175). Passing reference has been made by the parties to an antenuptial release executed by the respondent but it appears that the parties regard that instrument as either superseded by the later agreement or not applicable to the present litigation.