■ CHARLES MOELLER, JR., et al., Respondents, v. TOWN OF BROOKHAVEN, Defendant, and DAVIS BROS. ENGINEERING CORP. et al., Appellants.— Judgment of the Supreme Court, Suffolk County, entered January 18, 1966, reversed insofar as it is in favor of plaintiffs Charles Moeller and Emma M. Matteson, as executors, on the law and the facts, and as between said plaintiffs and defendants Davis Bros. Engineering Corp. and Curtis Davis, action severed and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, said plaintiffs shall serve and file a written stipulation consenting to reduce the amount of the verdict in their favor against said defendants from $30,000 to $20,000, with appropriate interest thereon and to the entry of an amended judgment accordingly, in which event said portion of the judgment, as so reduced and amended, is affirmed, without costs. Judgment, insofar as otherwise appealed from, affirmed, without costs. In our opinion the verdict is excessive to the extent indicated. Beldock, P. J., Ughetta, Christ and Benjamin, JJ., concur; Hill, J., dissents from the determination of this court insofar as it relates to the individual plaintiffs and votes to affirm the judgment insofar as appealed from.

■ CAROLINE MORGENSTERN, Respondent, v. EMANUEL B. MORGENSTERN, Appellant.— Judgment of the Supreme Court, Nassau County, dated July 27, 1966, modified, on the law and the facts, (a) by deleting from the first decretal paragraph the words "void in its entirety *ab initio,* and of no force and effect" and (b) by substituting therefor the words "ineffectual and unenforcible insofar as it purports to waive plaintiff's right to support and counsel fees incurred by her in enforcing that right." As so modified, judgment affirmed, without costs. The following findings of facts are reversed: " 8 " insofar as it ascribes certain facts to the " urging of the defendant"; " 17 " insofar as it refers to Moyse as a friend of defendant; " 20 " insofar as it includes the statement "without a similar release" by defendant; and " 21 " insofar as it states that "no consideration passed from defendant to plaintiff" for the separation agreement. In our opinion, the parts of the separation agreement herein adjudged ineffectual and unenforcible are separable from the rest of the agreement; and their ineffectuality does not require a striking down of the entire agreement (*Schiff* v. *Schiff,* 270 App. Div. 845; *Matter of Brenner,* 44 N. Y. S. 2d 447, affd. 268 App. Div. 1001; *Hoops* v. *Hoops,* 266 App. Div. 512; *Stahl* v. *Stahl,* 16 A D 2d 467; *Matter of Frisch,* 49 Misc 2d 898; *Matter of Lee,* 6 Misc 2d 799; *Cohen* v. *Cohen,* 88 N. Y. S. 2d 483). We do not reach the question of the validity of any other provision in this agreement, as that question is not now before us for determination. Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.