In the Matter of the Estate of ALFRED FALANGA, Deceased. ANTHONY J. FORTE, Appellant; MARY FALANGA, as Administratrix of the Estate of ALFRED FALANGA, Deceased, Respondent.

First Department, January 25, 1968.

*Jacob W. Friedman* of counsel (*Abraham Engelman,* attorney), for appellant.

*Ira W. Levitas* of counsel (*Nathan Diamond,* attorney), for respondent.

McNALLY, J. Petitioner-appellant, a nephew of the deceased, seeks revocation of letters of administration issued to decedent's widow without notice to deceased's next of kin. The bases for the petition are the false suggestion of a material fact by the administratrix (SCPA 711, subd. 4) and that she is not a person interested in the estate and therefore disqualified to present the petition for her appointment (SCPA 1002).

Decedent died February 20, 1966. Respondent, his widow, was awarded a decree of separation on May 16, 1963. Prior thereto, on April 25, 1963, the parties to the separation action stipulated in open court that the plaintiff wife was to retain a life insurance policy in the amount of $10,000; the defendant husband was to retain another insurance policy, and pay the wife weekly alimony in the sum of $15 and an additional counsel fee to her attorney. The wife's attorney, in addition, dictated the following stipulation: "It is further stipulated and agreed that the plaintiff and the defendant mutually waive their interests in and to their respective estates."

The separation decree of May 16, 1963, awards the plaintiff wife a separation on the ground of abandonment, dismisses defendant husband's counterclaim, provides for the stipulated alimony and counsel fee, and directs the husband to assign the $10,000 life insurance policy to the wife. The decree does not incorporate the waiver of interest in the estate of the parties.

Respondent's petition for letters of administration fails to disclose the separation proceedings and waiver of estate interests. In our opinion, said omissions constitute the false suggestion of material facts warranting revocation of the letters of administration issued to respondent-administratrix. (See *Matter of Meyer,* 29 A D 2d 525.)

In addition, it appears that respondent's waiver of her interest in the decedent's estate subsists and serves to preclude her presentation of the petition for her appointment as administratrix. Although ineptly phrased as a waiver of "their interests in and to their respective estates", the open court stipulation of

the parties in the separation action seems clearly intended to effect a waiver of each party's interest in and to the estate of the other. The Surrogate so found, and it is not contended otherwise.

It cannot be gainsaid that the waiver effectively terminated respondent's interest in the decedent's estate. (Decedent Estate Law, former § 18, subd. 9, present § 18-c; *Anders* v. *Anders,* 6 A D 2d 440.) Respondent, however, argues the waiver was vitiated by the reconciliation of the respondent and the decedent. Assuming the reconciliation, it did not serve *ipso facto* to nullify the waiver. A waiver by a spouse of rights in the estate of the other spouse is effective whether made before or after marriage. The separation of the spouses and their subsequent reconciliation are neutral factors as to such a waiver. The waiver subsists unless expressly terminated. It is otherwise as to the support provisions of a separation agreement. Reconciliation serves to restore the legal obligation to support deriving from the resumed marital status and to displace the support provisions of the separation agreement. (*Zimtbaum* v. *Zimtbaum,* 246 App. Div. 778, affd. 272 N. Y. 416.) Alimony decreed under a separation decree is in a different category. A separation decree remains effective until judicially revoked on joint application of the parties (former Civ. Prac. Act, § 1165, present Domestic Relations Law, § 203). The support provisions of the decree may be attenuated by a reconciliation. (*Schatzberg* v. *Schatzberg,* 229 App. Div. 214; cf. *Aldrich* v. *Aldrich,* 220 App. Div. 555, 558.) Here involved is a separation decree, not a separation agreement. Furthermore, the administratrix failed to sustain the burden of proof. It does not appear that the deceased suspended alimony payments under the decree, or that the respondent resumed living with the decedent, or that the respondent relinquished the insurance policy transferred to her under the separation decree. (Cf. *Farkas* v. *Farkas,* 26 A D 2d 919.) On this record we conclude the respondent did not establish a reconciliation.

The decree should be reversed on the law and the facts, with costs to all parties filing briefs, and the petition to revoke the letters of administration granted. The appeal from the order entered March 7, 1967, denying a new hearing on the grounds of newly-discovered evidence, should be dismissed as academic.

BOTEIN, P. J., EAGER, STEUER and CAPOZZOLI, JJ., concur.

Decree unanimously reversed, on the law and the facts, with $50 costs and disbursements to all parties filing briefs, payable out of the estate, and petitioner's application to revoke the letters of administration granted. The appeal from the order entered March 7, 1967, is dismissed, as academic.