■ GLADYS FERRO et al., Appellants, v. ROSE BOLOGNA et al., Respondents.— In an action *inter alia* for a declaratory judgment that plaintiffs Comparetto and Popkin are entitled to the proceeds of a certain insurance policy, plaintiffs appeal from so much of an order-judgment of the Supreme Court, Nassau County, dated October 4, 1971, as denied their motion for summary judgment, granted the cross motion of defendants Bologna for summary judgment, dismissed the complaint and directed defendants Equitable Life Assurance Society of the United States (hereinafter called Equitable) and Long Island Lighting Company (hereinafter called Lilco) to pay the proceeds of the policy to defendants Bologna. Order-judgment modified, on the law, by (1) adding to the fourth decretal paragraph thereof, immediately after the provision that plaintiffs' motion for summary judgment is "denied", the following: "except that said motion is granted as to the first cause of action of their complaint and it is adjudged that plaintiffs Mary Ann Popkin and Joseph Comparetto, Jr. are entitled to share equally in the proceeds of the insurance policy in question"; and (2) striking therefrom the fifth, sixth and eighth decretal paragraphs and substituting therefor provisions that the cross motion for

summary judgment is denied, that defendants Equitable and Lilco are directed to pay the proceeds of the insurance policy to plaintiffs Mary Ann Popkin and Joseph Comparetto, Jr., and that, upon such payment, Equitable and Lilco are relieved of further liability to the parties to this action. As so modified, order-judgment affirmed insofar as appealed from, without costs. Plaintiff Gladys Ferro married Joseph Comparetto in 1943. In 1948 Comparetto obtained a group life insurance policy through Lilco, his employer, in which he named his wife as the beneficiary. In May, 1958 Joseph and Gladys entered into a separation agreement in which Gladys waived support for herself and the two infant children of the marriage and further waived all right to share in her husband's estate. Joseph agreed to continue the insurance policy in force and effect and was given the right to change the beneficiary so as to make the infant children the beneficiaries. That change was effected in July, 1958. Following Joseph's death in October, 1970, plaintiffs discovered that he had made a subsequent beneficiary change, in August, 1961, in favor of his sister and her husband, the defendants Bologna. This litigation thus is a dispute between Joseph Comparetto's children on the one side and his sister and brother-in-law on the other. Special Term concluded that the separation agreement, when made, violated the then extant section 51 of the Domestic Relations Law (now General Obligations Law, § 5–311); that there was no consideration to support the husband's agreement with regard to the insurance policy; and that the agreement was not severable. We disagree. The illegality of the provision contained in the separation agreement relieving the husband of his obligation of support does not necessarily invalidate the entire agreement (*Hoops* v. *Hoops*, 266 App. Div. 512; *Schiff* v. *Schiff*, 270 App. Div. 845). This agreement is not tainted with such all-pervasive illegality that it must be declared void in its entirety. Many of the provisions contained therein are entirely lawful and reflect the intention of the parties with regard to the lawful distribution of their property. In a case such as this, where the illegality is not all pervasive, the party whom the statute intends to safeguard should not be deprived of that security by its invocation, for " A principle or an enactment whose purpose is to provide a shield of economic protection for the wife cannot be forged into an exculpatory sword to be wielded by the husband" (*Hummel* v. *Hummel,* 62 Misc 2d 595, 604). Even though that portion of the agreement dealing with support was illegal and unenforceable by the husband, he, having reaped the benefit of his wife's fealty to the agreement, should not be permitted to utilize the illegality for his own benefit and thereby deprive his wife (or her children) of the reward for such fealty (cf. *Third Nat. Bank of Buffalo* v. *Guenther,* 123 N. Y. 568, 576). Latham, Acting P. J., Shapiro, Gulotta and Christ, JJ., concur.