Gibson, J.
The appeal involves the rights, of third-party beneficiaries of a separation agreement which has correctly been found invalid with respect to certain support provisions.
Plaintiffs Comparetto and Popkin sue for the proceeds of certain insurance upon the life of their deceased father, claiming under a provision of their parents’ 1958 separation agreement stipulating that the husband would continue in force certain group life insurance and, further, ‘ ‘ that the Husband may make a beneficiary change, removing the Wife as beneficiary on the said group life insurance policy and making the children beneficiaries thereunder ”. Appellants Bologna, who are decedent’s sister and her husband, are the named beneficiaries of the policy in issue. They contend that the separation agreement is void as in contravention of former section 51 of the Domestic Relations Law (now General Obligations Law, § 5-311) providing that ‘ ‘ a husband and wife cannot contract * * * to relieve the husband from his liability to support his wife ”.
In and by the separation agreement, the wife did, indeed, waive support for herself, as well as for the two children, then small infants.[1] To that extent the agreement contravened the statute and was unenforceable; and the issue, of course, is whether the entire agreement, and thus the provision for the *34 maintenance of insurance for the benefit of the children, was similarly voided.
In July, 1958, about two months after the making of the agreement, decedent made the permitted change of beneficiary, by naming the children as beneficiaries. The policy continued in force until decedent’s death in October, 1970, and it was only then that the children discovered that in August, 1961, decedent had again made a change of beneficiaries, by naming appellants as such. This action for declaratory judgment that the children are entitled to payment of the insurance proceeds in accordance with the provisions of the separation agreement was commenced against the named beneficiaries, the insurer and the decedent’s employer, the latter having effected the group coverage. Plaintiffs moved for summary judgment for the amount of the face of the policy.. The defendant beneficiaries cross-moved for summary judgment; or, in the alternative, for partial summary judgment for the amount by which the coverage at de^ith exceeded the coverage at the time the separation agreement was made.[2]
Defendants Bologna, the named beneficiaries, were awarded summary judgment, Special Term finding the separation agreement void as intended to relieve the husband of'his liability to support his wife and, further, that the provision relating to insurance coverage was not separable. Holding to the contrary, the Appellate Division granted plaintiffs’ motion for summary judgment and directed the corporate defendants to pay the policy proceeds to the plaintiff children. The Appellate Division held that the “ agreement is not tainted with such all-pervasive illegality that it must be declared void in its entirety ” and concluded that “ [e]yen though that portion of the agreement dealing with support was illegal and unenforceable by the husband, he, having reaped the benefit of his wife’s fealty to the agreement, should not be permitted to utilize the illegality for his own benefit and thereby deprive his wife (or her children) of the reward for such fealty ” (38 A D 2d 854, 855).
At the outset, we dispose of appellants’ argument that the provision that the husband “may” change the beneficiary of *35 the policy hy substituting the names of his children for that of his wife was permissive merely and conferred no rights upon the children. It seems rather clear, however, that once the husband acted to make the change, as he promptly did, the children’s rights accrued and vested. Granting the invalidity of the provision whereby the wife “ agree [d] to assume full responsibility for the maintenance and support of the children of the parties and agree [d] that the Husband shall not be retired to pay her any monies for the support of the children ”, the fact remains that she did not call upon the husband for any contribution to the support of the children. In any event, valid consideration is to be found in the wife’s waiver of all right to share in the husband’s estate and in the provisions for distribution of the parties’ property. Thus, although it may be considered that when the agreement was made the children were contingent third-party beneficiaries, their contractual rights matured and vested once their father effected the permitted change of beneficiaries.
It becomes necessary, then, to turn to the issue as to the validity and effect of the insurance provision itself, as well as the related question of its severability. That the children possess third-party beneficiary rights under the agreement is certain. Thus, in Forman v. Forman (17 N Y 2d 274), it was squarely held that so much of a separation agreement as provided for insurance for the benefit of the children of the marriage would be enforced as against the father even though the wife’s breach of other provisions of the agreement barred its enforcement by her. Clearly, the rule recognized in Forman. is equally applicable to provisions for insurance for innocent third-party beneficiaries embodied in separation agreements vitiated in other respects by a spouse’s breach, as in Forman, or by interdiction of a statute, as in the case at bar.
Instinct in this conclusion is the recognition of the sever-ability of the insurance provision. The cases relied upon by the Appellate Division are in point. In Hoops v. Hoops (266 App. Div. 512, 514, revd. on other grounds 292 N. Y. 428) the court declined to set aside a release of dower executed by the wife, even though she could not be held to all the provisions of the contract, the court stating: “ To the extent that the agreement purported to relieve the husband from the duty to support his *36 former wife, it was ineffectual-but it was not immoral or illegal.” In Schiff v. Schiff (270 App. Div. 845, 846)it was said: “ While the provision in the agreement exempting the husband from his obligation to support his wife contravenes section 51 of the Domestic Relations Law (Tirrell v. Tirrell, 232 N. Y, 224, 229; Dworkin v. Dworkin, 247 App. Div. 213,; Golden v. Golden, 17 N. Y. S. 2d 76), that provision does not vitiate the entire agreement and the other provisions of the agreement may be valid and enforcible. (Central N. Y. Tel. & Tel. Co. v. Averill, 199 N. Y. 128; Hoops v. Hoops, 266 App. Div. 512.) ” Also on point is Crowell v. Pryor (248 App. Div. 86), cited by this court in Forman (17 N Y 2d, at p. 281).
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Súileppi, Bergan, Breitel arid Jasen concur.
Order affirmed.

. The provision in question is paragraph 6, providing: “The Wife hereby agrees that the Husband shall not be required to make any payments to her by way of alimony for her own support and maintenance. The Wife further agrees to assume full responsibility for the maintenance and support of the children of the parties and agrees that the Husband shall not be required to pay her any monies for the support of the children.”

. The coverage was related to decedent’s salary and increased during the years of his employment subsequent to the time the separation agreement was made.