■ PROJECT FIVE, INC., Respondent-Appellant, v SAMUEL WEISS, Defendant, and RENEE WEISS et al., Appellants-Respondents. — In an action to, *inter alia,* set aside certain transfers of assets by defendant Samuel Weiss, the cross appeals are from so much of an order of the Supreme Court, Orange County, dated June 30, 1980, as granted the branch of plaintiff's cross motion which sought to confirm an ex parte attachment of the assets of defendants Samuel Weiss & Co., Inc., and Renee Weiss, and denied the branch of the cross motion which sought to dismiss the third affirmative defense as to defendant Samuel Weiss & Co., Inc. The cross appeal by plaintiff brings up for review so much of a further order of the same court, dated December 1, 1980, as, upon reargument, adhered to the determination denying the branch of plaintiff's cross motion which sought dismissal of the third affirmative defense with respect to the corporate defendant. Cross appeal by plaintiff from the order dated June 30, 1980 dismissed. The portion of the order involved on the cross appeal was superseded by the order granting reargument. Order dated December 1, 1980 reversed insofar as reviewed, on the law, and the branch of the cross motion which sought to dismiss the third affirmative defense as to defendant Samuel Weiss & Co., Inc., is granted. Order dated June 30, 1980 affirmed insofar as appealed from by defendants Samuel Weiss & Co., Inc., and Renee Weiss. Plaintiff is awarded one bill of $50 costs and disbursements. Special Term properly confirmed the ex parte order of attachment since there was a sufficient showing that defendant Samuel Weiss made numerous transfers of his assets to defendant Samuel Weiss & Co., Inc., a corporation of which he formerly owned almost all of the stock, and to defendant Renee Weiss, his wife, in order to avoid having to pay a judgment entered against him in a prior lawsuit in the United States District Court for the Virgin Islands (see CPLR 6201, subd 3; 6211). Further, pursuant to Special Term's order, defendants Samuel Weiss & Co., Inc., and Renee Weiss may make an application pursuant to CPLR 6222 for the discharge of the attachment as to specific property or debts levied. Special Term's denial of the branch of plaintiff's motion which sought to dismiss the third affirmative defense as to defendant Samuel Weiss & Co., Inc., was error. That affirmative defense alleges that there is another action pending in New York County in which defendants are suing plaintiff for a sum larger than that requested in the instant action. However, the affirmative defense was improperly asserted since the cause of action in the New York County lawsuit is unrelated to the plaintiff's instant case. Nor may it be treated as a counterclaim since it contains no facts or pleadings to support it, and does not make out a cause of action

(see *Schiff v Schiff,* 270 App Div 845; see, also, CPLR 3019, subd [a]). Moreover, it would be unfair to permit the defendants to assert the affirmative defense of a setoff since plaintiff has already obtained a valid final judgment against defendant Samuel Weiss and is bringing this action only in an effort to obtain satisfaction of it. Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.